# EXHIBIT

# "D"

PREPARED BY:
CoreVest American Finance Lender LLC
c/o Michelle Aileen Fallis
1920 Main St., Suite 850
Irvine, CA  92614

AFTER RECORDING RETURN TO:
OS National, LLC
2170 Satellite Blvd., Suite 200
Duluth, GA 30097
(770) 497-9100

Tax Parcel ID Nos.:
54-2-0988-00; CITY AND COUNTY OF PHILADELPHIA
59-1-1014-00; CITY AND COUNTY OF PHILADELPHIA

## MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

### (THIS MORTGAGE SECURES FUTURE ADVANCES)

### MBMK PROPERTY HOLDINGS LLC
(Mortgagor)

to

### COREVEST AMERICAN FINANCE LENDER LLC
(Mortgagee)

Dated:    As of September 26, 2018, to be effective as
of September 27, 2018

County:  Philadelphia

State:    Pennsylvania

**THIS INSTRUMENT IS A FINANCING STATEMENT FILED AS A FIXTURE FILING PURSUANT TO §§ 9334 AND 9502 OF THE PENNSYLVANIA UNIFORM COMMERCIAL CODE.**

## OPEN-END MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

THIS **OPEN-END MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING** (this *"Mortgage"* or *"Security Instrument"*) is dated as of September 26, 2018 to be effective as of September 27, 2018 by **MBMK PROPERTY HOLDINGS LLC**, a Philadelphia limited liability company, as mortgagor, having an address at 18 Campus Blvd., STE 100, Newtown Square, PA 19073 ("**Mortgagor**" or *"Borrower"*), for the benefit of **COREVEST AMERICAN FINANCE LENDER LLC**, a Philadelphia limited liability company, as mortgagee, having an address at 1920 Main Street, Suite 850, Irvine, CA 92614, Attention: Head of Term Lending (together with its successors and/or assigns, *"Mortgagee"* or *"Lender"*).

### W I T N E S S E T H:

A.     This Mortgage is given to secure a commercial loan (the *"Loan"*) in the principal sum of  ONE MILLION ONE HUNDRED TWENTY THOUSAND SEVEN HUNDRED AND NO/100 DOLLARS ($1,120,700.00) or so much thereof as may be advanced pursuant to that certain Loan Agreement dated as of the date hereof by and between Mortgagor and Mortgagee (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the *"Loan Agreement"*), and evidenced by that certain Promissory Note dated the date hereof made by Mortgagor to Mortgagee (such Promissory Note, together with all extensions, renewals, replacements, restatements or modifications thereof, being hereinafter referred to as the *"Note"*).  Capitalized terms used herein without definition shall have the meanings ascribed to such terms in the Loan Agreement.

B.     Mortgagor desires to secure the payment of the outstanding principal amount of the Loan together with all interest accrued and unpaid thereon and all other sums (including the Spread Maintenance Premium) due to Mortgagee in respect of the Loan under the Note, the Loan Agreement and the other Loan Documents (the *"Debt"*) and the performance of all of its obligations under the Note, the Loan Agreement and the other Loan Documents.

C.     This Mortgage is given pursuant to the Loan Agreement, and payment, fulfillment and performance by Mortgagor of its obligations thereunder and under the other Loan Documents are secured hereby, and each and every term and provision of the Loan Agreement and the Note, including the rights, remedies, obligations, covenants, conditions, agreements, indemnities, representations and warranties of the parties therein, are hereby incorporated by reference herein as though set forth in full and shall be considered a part of this Mortgage.

NOW THEREFORE, in consideration of the making of the Loan by Mortgagee and the covenants, agreements, representations and warranties set forth in this Mortgage and other good and valuable consideration, the receipt and sufficiency of which are acknowledged by Mortgagor, intending to be legally bound:

## ARTICLE I.

## GRANTS OF SECURITY

**Section 1.01  Property Mortgaged**.  Mortgagor does hereby irrevocably mortgage, grant, bargain, sell, pledge, assign, alien, enfeoff, release, confirm, warrant, transfer and convey unto Mortgagee and its successors and assigns, all right, title, interest and estate of Mortgagor now owned, or hereafter acquired by Mortgagor, in and to the following (collectively, the *"Property"*):

(a)    Land.  The real property located in the State of Pennsylvania (the "State") identified on **Schedule 1** attached hereto and made a part hereof and more particularly described in **Exhibit A**, attached hereto and made a part hereof (collectively, the *"Land"*);

(b)    Additional Land.  All additional lands, estates and development rights hereafter acquired by Mortgagor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or deed of trust or otherwise be expressly made subject to the lien of this Mortgage;

(c)    Improvements.  The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (collectively, the *"Improvements"*);

(d)    Easements.  All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Mortgagor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

(e)    Equipment.  All "equipment," as such term is defined in Article 9 of the Uniform Commercial Code (as hereinafter defined), now owned or hereafter acquired by Mortgagor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishings, and electronic data-processing and other office equipment now owned or hereafter acquired by Mortgagor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto (collectively, the *"Equipment"*).  Notwithstanding the foregoing, Equipment shall

not include any property belonging to Tenants under Leases except to the extent that Mortgagor shall have any right or interest therein;

(f)     Fixtures.  All Equipment now owned, or the ownership of which is hereafter acquired, by Mortgagor which is so related to the Land and Improvements forming part of the Property that it is deemed fixtures or real property under the law of the State, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, lighting, heating, ventilating, plumbing, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Mortgagor's interest therein) and all other utilities whether or not situated in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the *"**Fixtures**"*).  Notwithstanding the foregoing, "Fixtures" shall not include any property which Tenants are entitled to remove pursuant to Leases except to the extent that Mortgagor shall have any right or interest therein;

(g)     Personal Property.  All furniture, furnishings, objects of art, machinery, goods, tools, equipment, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever (as defined in and subject to the provisions of the Uniform Commercial Code), other than Fixtures, which are now or hereafter owned by Mortgagor and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof (collectively, the *"**Personal Property**"*), and the right, title and interest of Mortgagor in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the State (as amended from time to time, the *"**Uniform Commercial Code**"*), superior in lien to the lien of this Mortgage, and all proceeds and products of any of the above;

(h)     Leases and Rents.  (i) All leases, subleases or subsubleases, lettings, licenses, concessions or other agreements (whether written or oral) pursuant to which any Person is granted a possessory interest in, or right to use or occupy all or any portion of the Land and the Improvements, and every modification, amendment, extension, renewal, replacement, or other agreement relating to such leases, subleases, subsubleases, or other agreements entered into in connection with such leases, subleases, subsubleases, or other agreements and every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and

2

Mortgage (*Philadelphia County, Pennsylvania*)

observed by the other party thereto, heretofore or hereafter entered into, whether before or after the filing by or against Mortgagor of any petition for relief under 11 U.S.C. §101 et seq., as the same may be amended from time to time (the *"Bankruptcy Code"*) (collectively, the *"Leases"*); (ii) all right, title and interest of Mortgagor, its successors and assigns, therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements, whether paid or accruing before or after the filing by or against Mortgagor of any petition for relief under the Bankruptcy Code (collectively, the *"Rents"*); (iii) all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment and performance of the Obligations, including the payment of the Debt; (iv) all of Mortgagor's right, title and interest in, and claims under, any and all lease guaranties, letters of credit and any other credit support (individually, a "***Lease Guaranty***", and collectively, the "***Lease Guaranties***") given by any guarantor in connection with any of the Leases or leasing commissions (individually, a "***Lease Guarantor***", and collectively, the "***Lease Guarantors***") to Mortgagor; (v) all rights, powers, privileges, options and other benefits of Mortgagor as the lessor under any of the Leases and the beneficiary under any of the Lease Guaranties, including, without limitation, the immediate and continuing right to make claims for, and to receive, collect and acknowledge receipt for all Rents payable or receivable under the Leases and all sums payable under the Lease Guaranties or pursuant thereto (and to apply the same to the payment of the Debt or the Other Obligations), and to do all other things which Mortgagor or any lessor is or may become entitled to do under any of the Leases or Lease Guaranties; (vi) the right, subject to the provisions of the Loan Agreement, at Mortgagee's option, upon revocation of the license granted herein, to enter upon the Property in person, by agent or by court-appointed receiver, to collect the Rents; (vii) during the continuance of an Event of Default, Mortgagor's irrevocable power of attorney, coupled with an interest, to take any or all other actions designated by Mortgagee for the proper management and preservation of the Land and Improvements; and (viii) any and all other rights of Mortgagor in and to the items set forth in subsections (i) through (vii) above, and all amendments, modifications, replacements, renewals and substitutions thereof;

(i)    Condemnation Awards.  All awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including, but not limited to, any transfer made in lieu of or in anticipation of the exercise of such right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

(j)    Insurance Proceeds.  All proceeds in respect of the Property under any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments or settlements made in lieu thereof, for damage to the Property;

(k)    Tax Certiorari.  All refunds, rebates or credits in connection with any reduction in Taxes or Other Charges assessed against the Property as a result of tax certiorari proceedings or any other applications or proceedings for reduction;

(l)  <u>Rights</u>.  The right, in the name and on behalf of Mortgagor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Mortgagee in the Property;

(m)  <u>Agreements</u>.    All agreements, contracts, certificates, instruments, franchises, management agreements, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or respecting any business or activity conducted on the Land and any part thereof and all right, title and interest of Mortgagor therein and thereunder, including, without limitation, the right, upon the happening and during the continuance of any Event of Default, to receive and collect any sums payable to Mortgagor thereunder;

(n)  <u>Intellectual Property</u>.  All tradenames, trademarks, servicemarks, logos, copyrights, goodwill, URLs or other online media, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

(o)  <u>Accounts</u>.    All reserves, escrows and deposit accounts maintained by Mortgagor with respect to the Property, together with all deposits or wire transfers made to such accounts, and all cash, checks, drafts, certificates, securities, investment property, financial assets, instruments and other property held therein from time to time, and all proceeds, products, distributions, dividends and/or substitutions thereon and thereof, excluding the following (the "***Account Collateral***"): all reserves, escrows and deposit accounts in which a security interest is granted to Lender pursuant to the Loan Agreement and all amounts at any time contained therein and the proceeds thereof;

(p)  <u>Uniform Commercial Code Property</u>.  All documents, instruments, chattel paper and general intangibles, as the foregoing terms are defined in the Uniform Commercial Code, relating to the Property;

(q)  <u>Minerals</u>. All minerals, crops, timber, trees, shrubs, flowers and landscaping features now or hereafter located on, under or above Land;

(r)  <u>All Other Assets</u>.  All other accounts, general intangibles, instruments, investment property, documents, chattel paper, goods, moneys, letters of credit, letter of credit rights, certificates of deposit, deposit accounts, escrow deposits, commercial tort claims, oil, gas and minerals, and all other property and interests in property of Mortgagor, whether tangible or intangible, and including without limitation all of Mortgagor's claims and rights to the payment of damages arising under the Bankruptcy Code ("**Bankruptcy Claims**"), excluding the Account Collateral;

(s)  <u>Proceeds</u>.  All proceeds of, and proceeds of any sale of, any of the foregoing, including, without limitation, proceeds of insurance and condemnation awards, whether in cash or in liquidation or other claims, or otherwise; and

(t)     Other Rights.  Any and all other rights of Mortgagor in and to the items set forth in Subsections (a) through (s) above.

AND, without limiting any of the other provisions of this Mortgage, to the extent permitted by applicable law, Mortgagor expressly grants to Mortgagee, as secured party, a security interest in all of Mortgagor's right, title and interest in and to that portion of the Property which is or may be subject to the provisions of the Uniform Commercial Code which are applicable to secured transactions; it being understood and agreed that the Improvements and Fixtures are part and parcel of the Land (the Land, the Improvements and the Fixtures collectively referred to as the *"**Real Property**"*) appropriated to the use thereof and, whether affixed or annexed to the Land or not, shall for the purposes of this Mortgage be deemed conclusively to be real estate and mortgaged hereby.

It is hereby acknowledged and agreed that Mortgagor has granted to Lender a security interest in the Account Collateral pursuant to the Loan Agreement.  Notwithstanding anything to the contrary contained herein, Mortgagee's security interest in the Account Collateral shall be governed by the Loan Agreement and not this Mortgage.

**Section 1.02   Assignment of Rents**.

(a)     Mortgagor hereby absolutely and unconditionally assigns to Mortgagee all of Mortgagor's right, title and interest in and to all current and future Leases, Rents, Lease Guaranties and Bankruptcy Claims; it being intended by Mortgagor that this assignment constitutes a present, absolute assignment and not an assignment for additional security only. Nevertheless, subject to any applicable deposit account control agreement, the Loan Agreement and the terms of this Mortgage, Mortgagee grants to Mortgagor, so long as no Event of Default has occurred and is continuing, a revocable license to (and Mortgagor shall have the right to) collect, receive, use and enjoy the Rents, as well as any sums due under the Lease Guaranties. Mortgagor shall hold the Rents, as well as all sums received pursuant to any Lease Guaranty, or a portion thereof sufficient to discharge all current sums due on the Debt, in trust for the benefit of Mortgagee for use in the payment of such sums.  This assignment is effective without any further or supplemental assignment documents.

(b)     Mortgagor hereby authorizes and directs the lessees named in the Leases, any other future lessees or occupants of the Real Property and all Lease Guarantors to pay over to Mortgagee or to such other party as Mortgagee directs all Rents and all sums due under any Lease Guaranties, upon such lessee's receipt from Mortgagee of written notice to the effect that Mortgagee is then the holder of this assignment.  Such Rents shall be disbursed and/or applied in accordance with the terms of the Loan Agreement.  In furtherance of the foregoing, Mortgagor hereby grants to Mortgagee an irrevocable power of attorney, coupled with an interest, to execute and deliver, on behalf of Mortgagor, to tenants under current and future Leases and counterparties to Lease Guaranties, direction letters to deliver all Rents and all sums due under any Lease Guaranties directly to Mortgagee.  Any exercise of the foregoing power of attorney shall constitute an immediate revocation of the revocable license given pursuant to Section 1.02(a).

**Section 1.03    Security Agreement**.  This Mortgage is both a real property mortgage and a "security agreement" within the meaning of the Uniform Commercial Code.  The Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Mortgagor in the Property.  By executing and delivering this Mortgage, Mortgagor hereby grants to Mortgagee, as security for the Obligations, a security interest in the Fixtures, the Equipment, the Personal Property and the other property constituting the Property to the full extent that the Fixtures, the Equipment, the Personal Property and such other property may be subject to the Uniform Commercial Code (said portion of the Property so subject to the Uniform Commercial Code being called the *"Collateral"*).  If an Event of Default shall occur and be continuing, Mortgagee, in addition to any other rights and remedies which it may have, shall have and may exercise immediately and without demand, any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing, the right to take possession of the Collateral or any part thereof, and to take such other measures as Mortgagee may deem necessary for the care, protection and preservation of the Collateral.  Upon request or demand of Mortgagee after the occurrence and during the continuance of an Event of Default, Mortgagor shall, at its expense, assemble the Collateral and make it available to Mortgagee at a convenient place (at the Land if tangible property) reasonably acceptable to Mortgagee.  Mortgagor shall pay to Mortgagee, on demand, any and all expenses, including reasonable attorneys' fees and costs, incurred or paid by Mortgagee in protecting its interest in the Collateral and in enforcing its rights hereunder with respect to the Collateral after the occurrence and during the continuance of an Event of Default.  Any notice of sale, disposition or other intended action by Mortgagee with respect to the Collateral sent to Mortgagor in accordance with the provisions hereof at least ten (10) days prior to such action, shall, except as otherwise provided by applicable law or the Loan Agreement, constitute reasonable notice to Mortgagor.  The proceeds of any disposition of the Collateral, or any part thereof, may, except as otherwise required by applicable law, be applied by Mortgagee to the payment of the Debt in such priority and proportions as Mortgagee in its discretion shall deem proper.  The principal place of business of Mortgagor (Debtor) is as set forth in the preamble of this Mortgage and the address of Mortgagee (Secured Party) is as set forth in the preamble of this Mortgage.

**Section 1.04    Fixture Filing**.  Certain of the Property is or will become "fixtures" (as that term is defined in the Uniform Commercial Code) on the Land, described or referred to in this Mortgage, and this Mortgage, upon being filed for record in the real estate records of the city or county wherein such fixtures are situated, shall operate also as a financing statement naming Mortgagor as the Debtor and Mortgagee as the Secured Party filed as a fixture filing in accordance with the applicable provisions of said Uniform Commercial Code upon such of the Property that is or may become fixtures.  This Security Instrument constitutes a fixture filing in accordance with the Uniform Commercial Code.  For this purpose, the respective addesses of Borrower, as debtor, and Lender, as secured party, are as set forth in the preamble to this Security Instrument.

## CONDITIONS TO GRANT

TO HAVE AND TO HOLD the above granted and described Property unto and to the use and benefit of Mortgagee and its successors and assigns, forever;

PROVIDED, HOWEVER, these presents are upon the express condition that, if Mortgagor shall well and truly pay and perform the Obligations (including the payment of the Debt) at the time and in the manner provided in this Mortgage, the Note, the Loan Agreement and the other Loan Documents, and shall well and truly abide by and comply with each and every covenant and condition set forth herein and in the Note, the Loan Agreement and the other Loan Documents, these presents and the estate hereby granted shall cease, terminate and be void; provided, however, that, subject to Section 9.06, Mortgagor's obligation to indemnify and hold harmless Mortgagee pursuant to the provisions hereof shall survive any such payment or release.

This Mortgage is an "Open-End Mortgage" as set forth in 42 Pa. C.S.A. §8143, secures a maximum principal amount of indebtedness outstanding at any time equal to double the face amount of the Note, and secures all Obligations including, but not limited to, accrued and unpaid interest, advances for the payment of taxes and municipal assessments, maintenance charges, insurance premiums, costs incurred for the protection of the Property or the lien of this Mortgage, expenses incurred by the Mortgagee by reason of a default or Event of Default by the Mortgagor under this Mortgage, or by reason of a default or Event of Default under the Note, the Loan Agreement or the other Loan Documents, and advances for the construction, alteration or renovation on the Property or for any other purpose, together with all other sums due hereunder or secured hereby.  All notices to be given to the Mortgagee pursuant to 42 Pa. C.S.A. §8143 shall be given as set forth in Article X hereof.

## ARTICLE II.

## DEBT AND OBLIGATIONS SECURED

**Section 2.01   Obligations**.  This Mortgage and the grants, assignments and transfers made in Article I are given for the purpose of securing the Obligations, including, but not limited to, the Debt.

**Section 2.02   Other Obligations**.  This Mortgage and the grants, assignments and transfers made in Article I are also given for the purpose of securing the following (collectively, the *"Other Obligations"*):

(a)    the performance of all other obligations of Mortgagor contained herein;

(b)    the performance of each obligation of Mortgagor contained in the Loan Agreement and in each other Loan Document; and

(c)    the performance of each obligation of Mortgagor contained in any renewal, extension, amendment, modification, consolidation, change of, or substitution or replacement for, all or any part of the Note, the Loan Agreement or any other Loan Document.

**Section 2.03   Debt and Other Obligations**.  Mortgagor's obligations for the payment of the Debt and the performance of the Other Obligations shall be referred to collectively herein as the *"Obligations."*

**Section 2.04    Variable Interest Rate.**  The Loan secured by this Mortgage may be a variable interest rate loan if so provided in the Loan Agreement.

**Section 2.05    Loan Repayment.**  Provided no Event of Default exists, this Mortgage will be satisfied and discharged of record by Mortgagee in accordance with the terms and provisions set forth in the Loan Agreement.

**Section 2.06    Other Mortgages; No Election of Remedies.**

(a)    The Debt is now or may hereafter be secured by one or more other mortgages, deeds to secure debt, deeds of trust and other security agreements (collectively, as the same may be amended, restated, replaced, supplemented, extended, renewed or otherwise modified and in effect from time to time, are herein collectively called the "***Other Mortgages***"), which cover or will hereafter cover other properties that are or may be located in various states and in other Counties in the State (collectively, the "***Other Collateral***").  The Other Mortgages will secure the Debt and the performance of the other covenants and agreements of Mortgagor set forth in the Loan Documents.  Upon the occurrence and during the continuance of an Event of Default, Mortgagee may proceed under this Mortgage and/or any or all the Other Mortgages against either the Property and/or any or all the Other Collateral in one or more parcels and in such manner and order as Mortgagee shall elect.  Mortgagor hereby irrevocably waives and releases, to the extent permitted by law, and whether now or hereafter in force, any right to have the Property and/or the Other Collateral marshaled upon any foreclosure of this Mortgage or any Other Mortgage.

(b)    Without limiting the generality of the foregoing, and without limitation as to any other right or remedy provided to Mortgagee in this Mortgage or the other Loan Documents, in the case and during the continuance of an Event of Default (i) Mortgagee shall have the right to pursue all of its rights and remedies under this Mortgage and the Loan Documents, at law and/or in equity, in one proceeding, or separately and independently in separate proceedings from time to time, as Mortgagee, in its sole and absolute discretion, shall determine from time to time, (ii) Mortgagee shall not be required to either marshal assets, sell the Property and/or any Other Collateral in any particular order of alienation (and may sell the same simultaneously and together or separately), or be subject to any "one action" or "election of remedies" law or rule with respect to the Property and/or any Other Collateral, (iii) the exercise by Mortgagee of any remedies against any one item of Property and/or any Other Collateral will not impede Mortgagee from subsequently or simultaneously exercising remedies against any other item of Property and/or Other Collateral, (iv) all liens and other rights, remedies or privileges provided to Mortgagee herein shall remain in full force and effect until Mortgagee has exhausted all of its remedies against the Property and all Property has been foreclosed, sold and/or otherwise realized upon in satisfaction of the Debt, and (v) Mortgagee may resort for the payment of the Debt to any security held by Mortgagee in such order and manner as Mortgagee, in its discretion, may elect and Mortgagee may take action to recover the Debt, or any portion thereof, or to enforce any covenant hereof without prejudice to the right of Mortgagee thereafter to foreclose this Mortgage.

(c)    Without notice to or consent of Mortgagor and without impairment of the lien and rights created by this Mortgage, Mortgagee may, at any time (in its sole and absolute

discretion, but Mortgagee shall have no obligation to), execute and deliver to Mortgagor a written instrument releasing all or a portion of the lien of this Mortgage as security for any or all of the Obligations now existing or hereafter arising under or in respect of the Note, the Loan Agreement and each of the other Loan Documents, whereupon following the execution and delivery by Mortgagee to Mortgagor of any such written instrument of release, this Mortgage shall no longer secure such Obligations so released.

## ARTICLE III.

## MORTGAGOR COVENANTS

Mortgagor covenants and agrees that throughout the term of the Loan:

**Section 3.01    Payment of Debt**.  Mortgagor will pay the Debt at the time and in the manner provided in the Loan Agreement, the Note and this Mortgage.

**Section 3.02    Incorporation by Reference**.    All the covenants, conditions and agreements contained in (a) the Loan Agreement, (b) the Note, and (c) all and any of the other Loan Documents, are hereby made a part of this Mortgage to the same extent and with the same force as if fully set forth herein.  In the event of any inconsistency between any of the terms of this Mortgage (including the terms of Section 1.03 herein) (including the terms of Section 1.03 herein) and the Loan Agreement, the terms of the Loan Agreement shall control.  Without limiting the generality of the foregoing, Mortgagor (i) agrees to insure, repair, maintain and restore damage to the Property, pay Taxes and Other Charges assessed against the Property, and comply with Legal Requirements, in accordance with the Loan Agreement, and (ii) agrees that the proceeds of insurance and condemnation awards shall be settled, held, applied and/or disbursed in accordance with the Loan Agreement.

**Section 3.03    Performance of Other Agreements**.  Mortgagor shall observe and perform each and every term, covenant and provision to be observed or performed by Mortgagor pursuant to the Loan Agreement, any other Loan Document and any other agreement or recorded instrument affecting or pertaining to the Property, and any amendments, modifications or changes thereto.

## ARTICLE IV.

## OBLIGATIONS AND RELIANCES

**Section 4.01    Relationship of Mortgagor and Mortgagee**.  The relationship between Mortgagor and Mortgagee is solely that of debtor and creditor, and Mortgagee has no fiduciary or other special relationship with Mortgagor, and no term or condition of any of the Loan Agreement, the Note, this Mortgage or the other Loan Documents shall be construed so as to deem the relationship between Mortgagor and Mortgagee to be other than that of debtor and creditor.

**Section 4.02    No Reliance on Mortgagee**.  The general partners, members, principals and (if Mortgagor is a trust) beneficial owners of Mortgagor, as applicable, are experienced in the ownership and operation of properties similar to the Property, and Mortgagor and Mortgagee are

9

*Mortgage (Philadelphia County, Pennsylvania)*

relying solely upon such expertise and business plan in connection with the ownership and operation of the Property.  Mortgagor is not relying on Mortgagee's expertise, business acumen or advice in connection with the Property.

Section 4.03   **No Mortgagee Obligations**.

(a)     Notwithstanding the provisions of Subsections 1.01(h) and (m) or Section 1.02, Mortgagee is not undertaking the performance of (i) any obligations under the Leases, or (ii) any obligations with respect to any other agreements, contracts, certificates, instruments, franchises, permits, trademarks, licenses or other documents.

(b)     By accepting or approving anything required to be observed, performed or fulfilled or to be given to Mortgagee pursuant to this Mortgage, the Loan Agreement, the Note or the other Loan Documents, including, without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal or insurance policy, Mortgagee shall not be deemed to have warranted, consented to, or affirmed the sufficiency, legality or effectiveness of same, and such acceptance or approval thereof shall not constitute any warranty or affirmation with respect thereto by Mortgagee.

Section 4.04   **Reliance**.  Mortgagor recognizes and acknowledges that in accepting the Loan Agreement, the Note, this Mortgage and the other Loan Documents, Mortgagee is expressly and primarily relying on the truth and accuracy of the warranties and representations set forth in Article V of the Loan Agreement without any obligation to investigate the Property and notwithstanding any investigation of the Property by Mortgagee; that such reliance existed on the part of Mortgagee prior to the date hereof; that the warranties and representations are a material inducement to Mortgagee in making the Loan; and that Mortgagee would not be willing to make the Loan and accept this Mortgage in the absence of the warranties and representations as set forth in Article V of the Loan Agreement.

## ARTICLE V.

## FURTHER ASSURANCES

Section 5.01   **Recording of Mortgage, Etc**.  Mortgagor forthwith upon the execution and delivery of this Mortgage and thereafter, from time to time, will cause this Mortgage and any of the other Loan Documents creating a Lien or security interest or evidencing the Lien hereof upon the Property and each instrument of further assurance to be filed, registered or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect and perfect the Lien or security interest hereof upon, and the interest of Mortgagee in, the Property.  Mortgagor will pay all taxes, filing, registration or recording fees, and all expenses incident to the preparation, execution, acknowledgment and/or recording of the Note, this Mortgage, the other Loan Documents, any note, deed of trust, deed to secure debt or mortgage supplemental hereto, any security instrument with respect to the Property and any instrument of further assurance, and any modification or amendment of any of the foregoing documents, and all federal, state, county and municipal taxes, duties, imposts, assessments and charges arising out of or in connection with the execution and delivery of this Mortgage, any deed

of trust, deed to secure debt or mortgage supplemental hereto, any security instrument with respect to the Property or any instrument of further assurance, and any modification or amendment of any of the foregoing documents, except where prohibited by law so to do.

Section 5.02    **Further Acts, Etc**.  Mortgagor will, at the cost of Mortgagor, and without expense to Mortgagee, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, deeds of trust, deeds to secure debt, mortgages, assignments, notices of assignments, transfers and assurances as Mortgagee shall, from time to time, reasonably require, for the better assuring, conveying, assigning, transferring, and confirming unto Mortgagee the Property and rights hereby mortgaged, deeded, granted, bargained, sold, conveyed, confirmed, pledged, assigned, warranted and transferred or intended now or hereafter so to be, or which Mortgagor may be or may hereafter become bound to convey or assign to Mortgagee, or for carrying out the intention or facilitating the performance of the terms of this Mortgage or for filing, registering or recording this Mortgage, or for complying with all Legal Requirements.  Mortgagor, on demand, will execute and deliver, and in the event it shall fail to so execute and deliver, hereby authorizes Mortgagee to execute in the name of Mortgagor or without the signature of Mortgagor to the extent Mortgagee may lawfully do so, one or more financing statements to evidence more effectively the security interest of Mortgagee in the Property and the Collateral.  Financing statements to be filed with the Secretary of State of the State in which the Mortgagor is organized may describe as the collateral covered thereby "all assets of the debtor, whether now owned or hereafter acquired" or words to that effect, notwithstanding that such collateral description may be broader in scope than the collateral described herein.  Mortgagee shall provide Mortgagor with copies of any notices and/or instruments of filings executed by Mortgagee in accordance with the immediately preceding sentence.  Mortgagor grants to Mortgagee an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Mortgagee at law and in equity, including, without limitation, such rights and remedies available to Mortgagee pursuant to this Section 5.02.  Notwithstanding anything to the contrary in the immediately preceding sentence, Mortgagee shall not execute any documents as attorney in fact for Mortgagor unless (i) Mortgagor shall have failed or refused to execute the same within five (5) Business Days after delivery of Mortgagee's request to Mortgagor or (ii) an Event of Default is continuing.

Section 5.03    **Changes in Tax, Debt, Credit and Documentary Stamp Laws**.

(a)    If any law is enacted or adopted or amended after the date of this Mortgage which deducts the Debt from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on the Debt or Mortgagee's interest in the Property, Mortgagor will pay the tax, with interest and penalties thereon, if any (it being understood that nothing hereunder shall require Mortgagor to pay any income or franchise tax imposed on Mortgagee by reason of Mortgagee's interest in the Property).  If Mortgagee is advised by counsel chosen by it that the payment of tax by Mortgagor would be unlawful or taxable to Mortgagee or unenforceable or provide the basis for a defense of usury, then Mortgagee shall have the option, by written notice to Mortgagor, to declare the Debt due and payable no earlier than one hundred twenty (120) days following such notice.

Mortgage (*Philadelphia County, Pennsylvania*)

(b)      Mortgagor will not claim or demand or be entitled to any credit or credits on account of the Debt for any part of the Taxes or Other Charges assessed against the Property, or any part thereof, and no deduction shall otherwise be made or claimed from the assessed value of the Property, or any part thereof, for real estate tax purposes by reason of this Mortgage or the Debt.  If such claim, credit or deduction shall be required by law, Mortgagee shall have the option, by written notice to Mortgagor, to declare the Debt due and payable no earlier than one hundred twenty (120) days following such notice.

(c)      If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note, this Mortgage, or any of the other Loan Documents or shall impose any other tax or charge on the same, Mortgagor will pay for the same, with interest and penalties thereon, if any.

## ARTICLE VI.

## DUE ON SALE/ENCUMBRANCE

**Section 6.01   Mortgagee Reliance**.   Mortgagor acknowledges that Mortgagee has examined and relied on the experience of Mortgagor and its general partners, members, principals and (if Mortgagor is a trust) beneficial owners in owning and operating properties such as the Property in agreeing to make the Loan, and will continue to rely on Mortgagor's ownership of the Property as a means of maintaining the value of the Property as security for the payment and performance of the Obligations, including the repayment of the Debt.  Mortgagor acknowledges that Mortgagee has a valid interest in maintaining the value of the Property so as to ensure that, should Mortgagor default in the payment and/or performance of the Obligations, including the repayment of the Debt, Mortgagee can recover the Debt by a sale or foreclosure of the Property or other sale permitted by applicable law as to the Personal Property, Equipment or Fixtures.

**Section 6.02   No Transfer**.  Mortgagor shall not permit or suffer any Transfer to occur except in accordance with the terms of the Loan Agreement.

## ARTICLE VII.

## RIGHTS AND REMEDIES UPON DEFAULT

**Section 7.01   Remedies**.  Upon the occurrence and during the continuance of any Event of Default, Mortgagor agrees that Mortgagee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Mortgagor and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee:

(a)      declare the entire unpaid Debt to be immediately due and payable;

(b)      institute proceedings, judicial or otherwise, for the complete or partial foreclosure of this Mortgage under any applicable provision of law, in which case the Property or

any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner;

(c)    with or without entry, to the extent permitted and pursuant to the procedures provided by applicable law, institute proceedings for the partial foreclosure of this Mortgage for the portion of the Debt then due and payable, subject to the continuing lien and security interest of this Mortgage for the balance of the Obligations not then due, unimpaired and without loss of priority;

(d)    to the extent permitted by applicable law, sell for cash or upon credit the Property or any part thereof and all estate, claim, demand, right, title and interest of Mortgagor therein and rights of redemption thereof, pursuant to power of sale or otherwise, at one or more sales, as an entirety or in parcels, at such time and place, upon such terms and after such notice thereof, all as may be required or permitted by law; and, without limiting the foregoing:

(i)    In connection with any sale or sales hereunder, Mortgagee shall be entitled to elect to treat any of the Property which consists of (x) a right in action, or (y) property that can be severed from the Real Property covered hereby, or (z) any Improvements (without causing structural damage thereto), as if the same were personal property, and dispose of the same in accordance with applicable law, separate and apart from the sale of the Real Property.  Where the Property consists of Real Property, Personal Property, Equipment or Fixtures, whether or not such Personal Property or Equipment is located on or within the Real Property, Mortgagee shall be entitled to elect to exercise its rights and remedies against any or all of the Real Property, Personal Property, Equipment and Fixtures in such order and manner as is now or hereafter permitted by applicable law;

(ii)    To the extent permitted by applicable law, Mortgagee shall be entitled to elect to proceed against any or all of the Real Property, Personal Property, Equipment and Fixtures in any manner permitted under applicable law; and if Mortgagee so elects pursuant to applicable law, the power of sale herein granted shall be exercisable (to the extent permitted by applicable law) with respect to all or any of the Real Property, Personal Property, Equipment and Fixtures covered hereby, as designated by Mortgagee and Mortgagee is hereby authorized and empowered to conduct any such sale of any Real Property, Personal Property, Equipment and Fixtures in accordance with applicable law;

(iii)    To the extent permitted by applicable law, should Mortgagee elect to sell any portion of the Property which is Real Property or which is Personal Property, Equipment or Fixtures that the Mortgagee has elected under applicable law to sell together with Real Property in accordance with the laws governing a sale of the Real Property, Mortgagee shall give such notice of the occurrence of an Event of Default, if any, and its election to sell such Property, each as may then be required by law.  Thereafter, upon the expiration of such time and the giving of such notice of sale as may then be required by law, subject to the terms hereof and of the other Loan Documents, and, to the extent permitted by applicable law, without the necessity of any demand on Mortgagor, Mortgagee at the time and place specified in the notice of sale, shall sell such Real Property or part thereof at public auction to the highest bidder for cash in lawful money

of the United States of America.  Mortgagee may from time to time postpone any sale hereunder by public announcement thereof at the time and place noticed for any such sale; and

(iv)     If the Property consists of several lots, parcels or items of property, Mortgagee shall, subject to applicable law, (A) designate the order in which such lots, parcels or items shall be offered for sale or sold, or (B) elect to sell such lots, parcels or items through a single sale, or through two or more successive sales, or in any other manner Mortgagee designates and Mortgagor waives any right to require otherwise.  Any Person, including Mortgagor or Mortgagee, may purchase at any sale hereunder.  Should Mortgagee desire that more than one sale or other disposition of the Property be conducted, Mortgagee shall, subject to applicable law, cause such sales or dispositions to be conducted simultaneously, or successively, on the same day, or at such different days or times and in such order as Mortgagee may designate, and no such sale shall terminate or otherwise affect the Lien of this Mortgage on any part of the Property not sold until all the Obligations have been satisfied in full.  In the event Mortgagee elects to dispose of the Property through more than one sale, except as otherwise provided by applicable law, Mortgagor agrees to pay the costs and expenses of each such sale and of any judicial proceedings wherein such sale may be made;

(e)     institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein, in the Note, in the Loan Agreement or in the other Loan Documents;

(f)     recover judgment on the Note either before, during or after any proceedings for the enforcement of this Mortgage or the other Loan Documents;

(g)     apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Mortgagor, any guarantor or indemnitor with respect to the Loan or any Person otherwise liable for the payment of the Debt or any part thereof, and Mortgagor hereby irrevocably consents to such appointment;

(h)     subject to applicable law and Section 14.02 hereof, the license granted to Mortgagor under Section 1.02 hereof shall automatically be revoked and Mortgagee may enter into or upon the Property, either personally or by its agents, nominees or attorneys and dispossess Mortgagor and its agents and servants therefrom, without liability for trespass, damages or otherwise and exclude Mortgagor and its agents or servants wholly therefrom, and take possession of all books, records and accounts relating thereto and Mortgagor agrees to surrender possession of the Property and of such books, records and accounts to Mortgagee upon demand, and thereupon Mortgagee may do such acts and things as Mortgagee deems necessary or desirable to protect the security hereof, including without limitation, (i) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with all and every part of the Property and conduct the business thereat on such terms and for such period of time as Mortgagee may deem proper; (ii) complete any construction on the Property in such manner and form as Mortgagee deems advisable; (iii) make alterations, additions, renewals, replacements and improvements to or on the Property; (iv) exercise all rights and powers of Mortgagor with respect to the Property, whether in the name of Mortgagor or otherwise, including, without limitation, the right to make, cancel, enforce or modify

14

Mortgage (*Philadelphia County, Pennsylvania*)

Leases, obtain and evict tenants and demand, sue for or otherwise collect and receive all Rents and all sums due under all Lease Guaranties, including, without limitation, those past due and unpaid; (v) require Mortgagor to pay monthly in advance to Mortgagee, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of such part of the Property as may be occupied by Mortgagor; (vi) require Mortgagor to vacate and surrender possession of the Property to Mortgagee or to such receiver and, in default thereof, Mortgagor and may be evicted by summary proceedings or otherwise; and (vii) apply the receipts from the Property to the payment and performance of the Obligations (including, without limitation, the payment of the Debt), in such order, priority and proportions as Mortgagee shall deem appropriate in its sole discretion after deducting therefrom all expenses (including reasonable attorneys' fees and costs) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes or Other Charges assessed against the Property, insurance premiums, other expenses and Capital Expenditures incurred in connection with the Property, as well as just and reasonable compensation for the services of Mortgagee, its counsel, agents and employees;

(i)      exercise any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing: (i) the right to take possession of the Fixtures, the Equipment and/or the Personal Property, or any part thereof, and to take such other measures as Mortgagee may deem necessary for the care, protection and preservation of the Fixtures, the Equipment and the Personal Property, and (ii) request Mortgagor, at its sole cost and expense, to assemble the Fixtures, the Equipment and/or the Personal Property and make it available to Mortgagee at a convenient place acceptable to Mortgagee.  Any notice of sale, disposition or other intended action by Mortgagee with respect to the Fixtures, the Equipment and/or the Personal Property sent to Mortgagor in accordance with the provisions hereof at least ten (10) days prior to such action, shall constitute commercially reasonable notice to Mortgagor;

(j)      apply any sums then deposited or held in escrow or otherwise by or on behalf of Mortgagee in accordance with the terms of the Loan Agreement, this Mortgage or any other Loan Document to the payment of the following items in any order in its sole discretion:

(i)      Taxes and Other Charges assessed against the Property;

(ii)      Insurance premiums;

(iii)      Other expenses and Capital Expenditures incurred in connection with the Property;

(iv)      Interest on the unpaid principal balance of the Note;

(v)      Amortization of the unpaid principal balance of the Note; and/or

(vi)      All other sums payable pursuant to the Note, the Loan Agreement, this Mortgage and the other Loan Documents, including, without limitation, the Release Price, if applicable, and advances made by Mortgagee pursuant to the terms of this Mortgage;

(k)      pursue such other remedies as may be available to Mortgagee at law or in equity; and/or

(l)      apply the undisbursed balance of any escrow or other deposits held by or on behalf of the Mortgagee with respect to the Property, to the payment of the Debt in such order, priority and proportions as Mortgagee shall deem to be appropriate in its sole discretion.

In the event of a sale, by foreclosure, power of sale or otherwise, of less than all of Property, this Mortgage shall continue as a Lien and security interest on the remaining portion of the Property unimpaired and without loss of priority.

The exercise by Mortgagee of its rights granted under this Section 7.01(h) and the collection of the Rents and the sums due under the Lease Guaranties and the application thereof as provided in the Loan Documents shall not be considered a waiver of any Default or Event of Default under the Note, the Loan Agreement, this Mortgage or the other Loan Documents.

**Section 7.02   Application of Proceeds**.  The purchase money proceeds and avails of any disposition of the Property or any part thereof, or any other sums collected by Mortgagee pursuant to the Note, this Mortgage or the other Loan Documents, may be applied by Mortgagee to the payment of the Obligations in such priority and proportions as Mortgagee in its discretion shall deem proper, to the extent consistent with law.

**Section 7.03   Right to Cure Defaults**.  During the continuance of any Event of Default, Lender may, but without any obligation to do so and without notice to or demand on Borrower and without releasing Borrower from any obligation hereunder, perform the obligations in Default in such manner and to such extent as Lender may deem necessary to protect the security hereof. Lender is authorized to enter upon the Property for such purposes or appear in, defend or bring any action or proceeding to protect its interest in the Property, to foreclose this Mortgage or collect the Debt, and to make any protective advances that Lender may deem necessary to protect the security hereof, and the cost and expense of any of the foregoing (including reasonable attorneys' fees and disbursements to the extent permitted by law), with interest thereon at the Default Rate for the period after notice from Lender that such cost or expense was incurred to the date of payment to Lender, shall constitute a portion of the Debt, shall be secured by this Mortgage and the other Loan Documents and shall be due and payable to Lender upon demand.

**Section 7.04   Other Rights, Etc**.

(a)      The failure of Mortgagee to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Mortgage.  Mortgagor shall not be relieved of Mortgagor's obligations hereunder by reason of (i) the failure of Mortgagee to comply with any request of Mortgagor or any guarantor or indemnitor with respect to the Loan to take any action to foreclose this Mortgage or otherwise enforce any of the provisions hereof or of the Note or the other Loan Documents, (ii) the release, regardless of consideration, of the whole or any part of the Property, or of any Person liable for the Obligations or any portion thereof, or (iii) any agreement or stipulation by Mortgagee extending the time of payment or otherwise modifying or supplementing the terms of the Note, this Mortgage or the other Loan Documents.

(b)      It is agreed that the risk of loss or damage to the Property is on Mortgagor, and Mortgagee shall have no liability whatsoever for any decline in value of the Property, for failure to maintain the Policies, or for failure to determine whether insurance in force is adequate as to the amount of risks insured.  Possession by Mortgagee shall not be deemed an election of judicial relief, if any such possession is requested or obtained, with respect to any Property or collateral not in Mortgagee's possession.

(c)      Mortgagee may resort for the payment and performance of the Obligations (including, but not limited to, the payment of the Debt) to any other security held by Mortgagee in such order and manner as Mortgagee, in its discretion, may elect.  Mortgagee may take action to recover the Debt, or any portion thereof, or to enforce the Other Obligations or any covenant hereof, without prejudice to the right of Mortgagee thereafter to enforce any remedy hereunder or under applicable law against Mortgagor, including the right to foreclose this Mortgage.  The rights of Mortgagee under this Mortgage shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others.  No act of Mortgagee shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision.  Mortgagee shall not be limited exclusively to the rights and remedies herein stated but shall be entitled to every right and remedy now or hereafter afforded at law or in equity.

Section 7.05    **Right to Release Any Portion of the Property**.  Mortgagee may release any portion of the Property for such consideration as Mortgagee may require without, as to the remainder of the Property, in any way impairing or affecting the Lien or priority of this Mortgage, or improving the position of any subordinate lienholder with respect thereto, except to the extent that the Debt shall have been reduced by the actual monetary consideration, if any, received by Mortgagee for such release, and Mortgagee may accept by assignment, pledge or otherwise any other property in place thereof as Mortgagee may require without being accountable for so doing to any other lienholder.  This Mortgage shall continue as a Lien and security interest in the remaining portion of the Property.

Section 7.06    **Right of Entry**.  Subject to the rights of Tenants and upon reasonable prior notice to Mortgagor, Mortgagee and its agents shall have the right to enter and inspect the Property at all reasonable times.

## ARTICLE VIII.

## INDEMNIFICATION

Section 8.01    **Mortgage and/or Intangible Tax**.  Mortgagor shall, at its sole cost and expense, protect, defend, indemnify, release and hold harmless Mortgagee and any Person claiming by or through Mortgagee (collectively with Mortgagee, the "***Indemnified Parties***" and each, an "***Indemnified Party***") from and against any and all losses, damages, costs, fees, expenses, claims, suits, judgments, awards, liabilities, obligations, debts, fines, penalties or charges imposed upon or incurred by or asserted against any Indemnified Party and directly or indirectly arising out of or in any way relating to any mortgage, recording, stamp, intangible or other similar taxes required to be paid by any Indemnified Party under applicable Legal Requirements in connection with the execution, delivery, recordation, filing, registration, perfection or enforcement of this

17
Mortgage (*Philadelphia County, Pennsylvania*)

Mortgage or any of the other Loan Documents (but excluding any income, franchise or other similar taxes).

**Section 8.02   No Liability to Mortgagee.**  This Mortgage shall not be construed to bind Mortgagee to the performance of any of the covenants, conditions or provisions contained in any Lease or Lease Guaranty or otherwise impose any obligation upon Mortgagee with respect to the Leases.  Mortgagee shall not be liable for any loss sustained by Mortgagor resulting from Mortgagee's failure to let the Property after an Event of Default or from any other act or omission of Mortgagee in managing the Property after an Event of Default unless such loss is caused by the willful misconduct, bad faith or gross negligence of Mortgagee.  Mortgagee shall not be obligated to perform or discharge any obligation, duty or liability under the Leases or any Lease Guaranties or under or by reason of this Mortgage and Mortgagor shall indemnify Mortgagee for, and hold Mortgagee harmless from and against, (a) any and all liability, loss or damage which may or might be incurred under the Leases, any Lease Guaranties or under or by reason of this Mortgage, and (b) any and all claims and demands whatsoever, including the defense of any such claims or demands which may be asserted against Mortgagee by reason of any alleged obligations and undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in the Leases or any Lease Guaranties, unless caused by the willful misconduct or bad faith of Mortgagee.  Should Mortgagee incur any such liability, the amount thereof, including costs, expenses and reasonable attorneys' fees and costs, shall be secured by this Mortgage and by the other Loan Documents and Mortgagor shall reimburse Mortgagee therefor within seven (7) Business Days after demand therefor and upon the failure of Mortgagor so to do Mortgagee may, at its option, declare the Obligations to be immediately due and payable.  This Mortgage shall not operate to place any obligation or liability for the control, care, management or repair of the Property upon Mortgagee, nor for the carrying out of any of the terms and conditions of the Leases or any Lease Guaranties; nor shall it operate to make Mortgagee responsible or liable for any waste committed on the Property by the tenants or any other parties, or for any dangerous or defective condition of the Property, including, without limitation, the presence of any Hazardous Substances (as defined in the Environmental Indemnity), or for any negligence in the management, upkeep, repair or control of the Property resulting in loss or injury or death to any tenant, licensee, employee or stranger.

**Section 8.03   Duty to Defend; Attorneys' Fees and Other Fees and Expenses**.  In connection with any indemnification obligations of Mortgagor hereunder, upon written request by any Indemnified Party, Mortgagor shall defend such Indemnified Party (if requested by any Indemnified Party, in the name of the Indemnified Party) by attorneys and other professionals reasonably approved by the Indemnified Parties.  Notwithstanding the foregoing, if the defendants in any such claim or proceeding include both Mortgagor and any Indemnified Party and Mortgagor and such Indemnified Party shall have reasonably concluded that there are any legal defenses available to it and/or other Indemnified Parties that are different from or in addition to those available to Mortgagor, such Indemnified Party shall have the right to select separate counsel to assert such legal defenses and to otherwise participate in the defense of such action on behalf of such Indemnified Party.  Upon demand, Mortgagor shall pay or, in the sole and absolute discretion of any Indemnified Party, reimburse, such Indemnified Party for the payment of the reasonable

fees and disbursements of attorneys, engineers, environmental consultants, laboratories and other professionals in connection therewith.

## ARTICLE IX.

## WAIVERS

**Section 9.01    Waiver of Counterclaim**.   To the extent permitted by applicable law, Mortgagor hereby waives the right to assert a counterclaim, other than a mandatory or compulsory counterclaim, in any action or proceeding brought against it by Mortgagee arising out of or in any way connected with this Mortgage, the Loan Agreement, the Note, any of the other Loan Documents or the Obligations.

**Section 9.02    Marshaling and Other Matters**.   To the extent permitted by applicable law, Mortgagor hereby waives the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Property or any part thereof or any interest therein.  Further, to the extent permitted by applicable law, Mortgagor hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Mortgage on behalf of Mortgagor, and on behalf of each and every Person acquiring any interest in or title to the Property subsequent to the date of this Mortgage.

**Section 9.03    Waiver of Notice**.   To the extent permitted by applicable law, Mortgagor shall not be entitled to any notices of any nature whatsoever from Mortgagee, except with respect to matters for which this Mortgage or the Loan Documents specifically and expressly provide for the giving of notice by Mortgagee to Mortgagor, and except with respect to matters for which Mortgagee is required by applicable law to give notice, and Mortgagor hereby expressly waives the right to receive any notice from Mortgagee with respect to any matter for which this Mortgage or any of the other Loan Documents does not specifically and expressly provide for the giving of notice by Mortgagee to Mortgagor.

**Section 9.04    Waiver of Statute of Limitations**.   To the extent permitted by applicable law, Mortgagor hereby expressly waives and releases its right to plead any statute of limitations as a defense to the payment and performance of the Obligations (including, without limitation, the payment of the Debt).

**Section 9.05    Waiver of Jury Trial.   TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, MORTGAGOR HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND FOREVER WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST, WITH REGARD TO THE NOTE, THIS MORTGAGE OR THE OTHER LOAN DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY MORTGAGOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO**

**A TRIAL BY JURY WOULD OTHERWISE ACCRUE. MORTGAGEE IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY MORTGAGOR.**

      **Section 9.06** <u>Survival</u>. Except as otherwise set forth in the other Loan Documents, the indemnifications made pursuant to <u>Article VIII</u> herein and the representations and warranties, covenants, and other obligations arising under the Loan Documents, shall continue indefinitely in full force and effect and shall survive and shall in no way be impaired by (a) any satisfaction, release or other termination of this Mortgage or any other Loan Document, (b) any assignment or other transfer of all or any portion of this Mortgage or any other Loan Document or Mortgagee's interest in the Property (but, in such case, such indemnifications shall benefit both the Indemnified Parties and any such assignee or transferee), (c) any exercise of Mortgagee's rights and remedies pursuant hereto, including, but not limited to, foreclosure or acceptance of a deed in lieu of foreclosure, any exercise of any rights and remedies pursuant to the Loan Agreement, the Note or any of the other Loan Documents, any transfer of all or any portion of the Property (whether by Mortgagor or by Mortgagee following foreclosure or acceptance of a deed in lieu of foreclosure or at any other time), (d) any amendment to this Mortgage, the Loan Agreement, the Note or any other Loan Document, and/or (e) any act or omission that might otherwise be construed as a release or discharge of Mortgagor from the Obligations or any portion thereof. Notwithstanding the foregoing or anything to the contrary set forth herein, (i) in no event shall Mortgagor be obligated to defend or indemnify any Indemnified Party for any damages, losses, claims and liabilities directly resulting from the gross negligence, bad faith or willful misconduct of such Indemnified Party.

## ARTICLE X.

## NOTICES

      All notices or other written communications hereunder shall be delivered in accordance with <u>Section 9.1</u> of the Loan Agreement.

## ARTICLE XI.

## APPLICABLE LAW

      **Section 11.01** <u>Governing Law; Jurisdiction; Service of Process</u>. **WITH RESPECT TO MATTERS RELATING TO THE CREATION, PERFECTION AND ENFORCEMENT OF LIENS AND SECURITY INTERESTS CREATED UNDER THIS MORTGAGE, THIS MORTGAGE SHALL BE GOVERNED BY, AND BE CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE IN WHICH THE PROPERTY IS LOCATED, IT BEING UNDERSTOOD THAT, EXCEPT AS EXPRESSLY SET FORTH ABOVE IN THIS PARAGRAPH AND TO THE FULLEST EXTENT PERMITTED BY THE LAW OF SUCH STATE, THE LAW OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW) SHALL GOVERN ALL MATTERS RELATING TO THIS MORTGAGE AND THE**

Mortgage (*Philadelphia County, Pennsylvania*)

**OTHER LOAN DOCUMENTS AND ALL OF THE INDEBTEDNESS OR OBLIGATIONS ARISING HEREUNDER OR THEREUNDER.  ALL PROVISIONS OF THE LOAN AGREEMENT INCORPORATED HEREIN BY REFERENCE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, AS SET FORTH IN THE GOVERNING LAW PROVISION OF THE LOAN AGREEMENT.**

Section 11.02 <u>Usury Laws</u>.  Notwithstanding anything to the contrary, (a) all agreements and communications between Mortgagor and Mortgagee are hereby and shall automatically be limited so that, after taking into account all amounts deemed to constitute interest, the interest contracted for, charged or received by Mortgagee shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest exceeds the maximum legal rate of interest ("***Maximum Legal Rate***"), all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal Indebtedness of Mortgagor to Mortgagee, and (c) if through any contingency or event, Mortgagee receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding Indebtedness of Mortgagor to Mortgagee, or if there is no such Indebtedness, shall immediately be returned to Mortgagor.

Section 11.03 <u>Provisions Subject to Applicable Law</u>.  All rights, powers and remedies provided in this Mortgage may be exercised only to the extent that the exercise thereof does not violate any applicable provisions of law and are intended to be limited to the extent necessary so that they will not render this Mortgage invalid, unenforceable or not entitled to be recorded, registered or filed under the provisions of any applicable law.  If any term of this Mortgage or any application thereof shall be invalid or unenforceable, the remainder of this Mortgage and any other application of the term shall not be affected thereby.

**ARTICLE XII.**

**DEFINITIONS**

Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Mortgage may be used interchangeably in the singular or plural form and the word "Mortgagor" shall mean "each Mortgagor and any subsequent owner or owners of the Property or any part thereof or any interest therein," the word "Mortgagee" shall mean "Mortgagee and any subsequent holder of the Note," the word "Note" shall mean "the Note and any other evidence of Indebtedness secured by this Mortgage," the word "Property" shall include any portion of the Property and any interest therein, and the phrases "attorneys' fees", "legal fees" and "counsel fees" shall include any and all reasonable attorneys', paralegal and law clerk fees and disbursements, including, but not limited to, fees and disbursements at the pre-trial, trial and appellate levels, incurred or paid by Mortgagee in protecting its interest in the Property, the Leases, the Rents, the sums due under the Lease Guaranties, and/or in enforcing its rights hereunder.  Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms.

Mortgage (*Philadelphia County, Pennsylvania*)

## ARTICLE XIII.

## MISCELLANEOUS PROVISIONS

**Section 13.01 <u>No Oral Change</u>**.  This Mortgage, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Mortgagor or Mortgagee, but only by an agreement in writing signed by the party(ies) against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

**Section 13.02 <u>Successors and Assigns</u>**.  This Mortgage shall be binding upon, and shall inure to the benefit of, Mortgagor and Mortgagee and their respective successors and permitted assigns, as set forth in the Loan Agreement.

**Section 13.03 <u>Inapplicable Provisions</u>**.  If any provision of this Mortgage is held to be illegal, invalid or unenforceable under present or future laws effective during the term of this Mortgage, such provision shall be fully severable and this Mortgage shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Mortgage, and the remaining provisions of this Mortgage shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance from this Mortgage, unless such continued effectiveness of this Mortgage, as modified, would be contrary to the basic understandings and intentions of the parties as expressed herein.

**Section 13.04 <u>Headings, Etc</u>**.  The headings and captions of the various Sections of this Mortgage are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

**Section 13.05 <u>Subrogation</u>**.  If any or all of the proceeds of the Note have been used to extinguish, extend or renew any Indebtedness heretofore existing against the Property, then, to the extent of the funds so used, Mortgagee shall be subrogated to all of the rights, claims, liens, titles and interests existing against the Property heretofore held by, or in favor of, the holder of such Indebtedness and such former rights, claims, liens, titles and interests, if any, are not waived, but rather are continued in full force and effect in favor of Mortgagee and are merged with the Lien and security interest created herein as cumulative security for the payment, performance and discharge of the Obligations (including, but not limited to, the payment of the Debt).

**Section 13.06 <u>Entire Agreement</u>**.  The Note, the Loan Agreement, this Mortgage and the other Loan Documents constitute the entire understanding and agreement between Mortgagor and Mortgagee with respect to the transactions arising in connection with the Obligations and supersede all prior written or oral understandings and agreements between Mortgagor and Mortgagee with respect thereto.  Mortgagor hereby acknowledges that, except as incorporated in writing in the Note, the Loan Agreement, this Mortgage and the other Loan Documents, there are not, and were not, and no Persons are or were authorized by Mortgagee to make, any representations, understandings, stipulations, agreements or promises, oral or written, with respect to the transaction which is the subject of the Note, the Loan Agreement, this Mortgage and the other Loan Documents.

**Section 13.07 <u>Limitation on Mortgagee's Responsibility</u>**.    No provision of this Mortgage shall operate to place any obligation or liability for the control, care, management or repair of the Property upon Mortgagee, nor shall it operate to make Mortgagee responsible or liable for any waste committed on the Property by the Tenants or any other Person, or for any dangerous or defective condition of the Property, or for any negligence in the management, upkeep, repair or control of the Property resulting in loss or injury or death to any Tenant, licensee, employee or stranger.  Nothing herein contained shall be construed as constituting Mortgagee a "mortgagee in possession."

**Section 13.08 <u>Recitals</u>**.    The recitals hereof are a part hereof, form a basis for this Mortgage and shall be considered prima facie evidence of the facts and documents referred to therein.

**Section 13.09 <u>Time of Essence</u>**.    Time is of the essence with respect to this Mortgage and each and every provision hereof.

## ARTICLE XIV.

## STATE-SPECIFIC PROVISIONS

**Section 14.01 <u>Principles of Construction</u>**.    Without limiting <u>Section 12.01</u>, to the extent that the laws of the State of Pennsylvania govern the interpretation or enforcement of this Security Instrument, (a) the provisions of this <u>Article XIV</u> shall apply, and (b) in the event of any inconsistencies between the terms and provisions of this <u>Article XIV</u> and the other terms and provisions of this Security Instrument, the terms and provisions of this <u>Article XIV</u> shall control and be binding.

**Section 14.02 <u>Future Advances</u>.**  This Mortgage is an Open-End Mortgage as defined in 42 Pa.C.S.A. § 8143(f).  Without the limiting of any other provisions of this Mortgage, Mortgagee may make future advances, and this Mortgage shall secure repayment of such advances and the interest thereon, for the payment of taxes, assessments, maintenance charges, insurance premiums, or costs similar or dissimilar, incurred for the protection and preservation of the Property or for the lien of this Mortgage, expenses incurred by Mortgagee by reason of default by Borrower or any default or Event of Default under the Loan Agreement, the Note or the other Loan Documents, or advances made under a construction loan to enable the completion of the improvements for which the construction loan was originally made.

**Section 14.03**  Borrower shall be deemed to have conveyed all Property *ab initio* to Lender as security for the Obligations PROVIDED ALWAYS, and this instrument is on the express condition that, if Borrower pays and performs, or causes to be paid and performed, all of the Obligations in accordance with their respective terms, then this Security Instrument and the estate hereby granted in the Property shall cease and become void as to such Property.

**Section 14.04** Each of the remedies set forth shall be exercisable if, and to the extent, permitted by the laws of the Commonwealth of Pennsylvania in force at the time of the exercise

of such remedies without regard to the enforceability of such remedies at the time of the execution and delivery of this Security Instrument.

**Section 14.05** Upon the occurrence and during the continuation of an Event of Default, Lender may institute any one or more actions of mortgage foreclosure against all or any part of the Property, or take such other action at law or in equity for the enforcement of this Security Instrument and realization on the security herein or elsewhere provided for, as law may allow, and may proceed therein to final judgment and execution for the entire amount of the outstanding Indebtedness, subject however, to the effect and application of the Pennsylvania Deficiency Judgment Act, 42 Pa. C.S.A. §8103.

**Section 14.06 THE FOLLOWING PARAGRAPH CONTAINS A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST BORROWER.  BORROWER, IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST BORROWER, HEREBY KNOWINGLY, INTENTIONALLY, VOLUNTARILY AND UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS BORROWER MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR A HEARING UNDER THE CONSTITUTIONS AND LAWS OF THE UNITED STATES OF AMERICA AND THE COMMONWEALTH OF PENNSYLVANIA.  BORROWER IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST BORROWER AND IN ACKNOWLEDGING THIS WAIVER OF RIGHTS ALSO ACKNOWLEDGES BORROWER'S RECEIPT OF ADVICE OF SEPARATE COUNSEL OR BORROWER'S RIGHT TO HAVE SEPARATE COUNSEL IF BORROWER HAS NOT SOUGHT SUCH ADVICE.**

**FOR THE PURPOSE OF OBTAINING POSSESSION OF THE PROPERTY, AFTER THE OCCURRENCE OF AN EVENT OF DEFAULT, BORROWER HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA OR ELSEWHERE, AS ATTORNEY FOR BORROWER AND ALL PERSONS CLAIMING UNDER OR THROUGH BORROWER, TO CONFESS JUDGMENT IN EJECTMENT FOR POSSESSION OF THE PROPERTY AND TO APPEAR FOR AND CONFESS JUDGMENT AGAINST BORROWER, AND AGAINST ALL PERSONS CLAIMING UNDER OR THROUGH BORROWER, IN FAVOR OF LENDER, FOR RECOVERY BY LENDER OF POSSESSION THEREOF, FOR WHICH THIS SECURITY INSTRUMENT, OR A COPY THEREOF VERIFIED BY AFFIDAVIT, SHALL BE A SUFFICIENT WARRANT; AND THEREUPON A WRIT OF POSSESSION MAY IMMEDIATELY ISSUE FOR POSSESSION OF THE PROPERTY, WITHOUT ANY PRIOR WRIT OR PROCEEDING WHATSOEVER AND WITHOUT ANY STAY OF EXECUTION. IF FOR ANY REASON AFTER SUCH ACTION HAS BEEN COMMENCED IT SHALL BE DISCONTINUED, OR POSSESSION OF THE PROPERTY SHALL REMAIN IN OR BE RESTORED TO BORROWER, LENDER SHALL HAVE THE RIGHT FOR THE SAME EVENT OF DEFAULT OR ANY SUBSEQUENT EVENT OF DEFAULT TO CONFESS JUDGMENT IN EJECTMENT AS ABOVE PROVIDED TO RECOVER POSSESSION OF THE PROPERTY TO THE EXTENT PERMITTED BY APPLICABLE LAW. LENDER MAY CONFESS**

Mortgage (*Philadelphia County, Pennsylvania*)

JUDGMENT IN EJECTMENT BEFORE OR AFTER THE INSTITUTION OF PROCEEDINGS TO FORECLOSE THIS SECURITY INSTRUMENT OR TO ENFORCE THE THIS SECURITY INSTRUMENT OR THE NOTE, OR AFTER ENTRY OF JUDGMENT THEREIN OR ON THE NOTE, OR AFTER A SHERIFF'S SALE OR JUDICIAL SALE OR OTHER FORECLOSURE SALE OF THE PROPERTY IN WHICH LENDER IS THE SUCCESSFUL BIDDER, IT BEING THE UNDERSTANDING OF THE PARTIES THAT THE AUTHORIZATION TO PURSUE SUCH PROCEEDINGS FOR OBTAINING POSSESSION AND CONFESSION OF JUDGMENT THEREIN IS AN ESSENTIAL PART OF THE REMEDIES FOR ENFORCEMENT OF THIS SECURITY INSTRUMENT AND THE NOTE, AND SHALL SURVIVE ANY EXECUTION SALE TO LENDER. BORROWER ACKNOWLEDGES THAT IT UNDERSTANDS THE AFORESAID CONFESSION OF JUDGMENT AND THAT BORROWER WAIVES ANY RIGHT TO A HEARING WHICH WOULD OTHERWISE BE A CONDITION FOR LENDER'S OBTAINING THE ORDER OR JUDGMENT DESCRIBED ABOVE. BORROWER CONFIRMS THAT THIS IS A COMMERCIAL MORTGAGE, THAT BORROWER WAS REPRESENTED BY COUNSEL IN BORROWER'S NEGOTIATION AND EXECUTION OF THIS SECURITY INSTRUMENT, AND THAT BORROWER FREELY AND VOLUNTARILY EXECUTED THIS SECURITY INSTRUMENT WITH THIS SECTION AS PART THEREOF, AS FURTHER EVIDENCED BY THE DISCLOSURE ATTACHED HERETO AS SCHEDULE II AND MADE A PART HEREOF.

BORROWER ALSO ACKNOWLEDGES AND AGREES (A) THAT THE FOREGOING WARRANT OF ATTORNEY IS GIVEN IN CONNECTION WITH A COMMERCIAL TRANSACTION, (B) THAT THE LENDER'S PROPER EXERCISE OF THE WARRANT OF ATTORNEY GRANTED HEREIN WOULD BE IN ACCORDANCE WITH BORROWER'S REASONABLE EXPECTATIONS, AND WAIVES ANY REQUIREMENT SET FORTH IN 20 PA.C.S.A §5601, ET SEQ., INCLUDING THE REQUIREMENT IN 20 P.S. §5601.3(A)(1) THAT SUCH ACTION OTHERWISE BE IN THE BORROWER'S BEST INTEREST, AND (C) BORROWER IRREVOCABLY WAIVES THE FOLLOWING DUTIES THAT WOULD OTHERWISE BE REQUIRED OF THE LENDER PURSUANT TO 20 P.S. §5601.3(B): (1) THE REQUIREMENT TO ACT LOYALLY FOR THE BORROWER'S BENEFIT; (2) THE REQUIREMENT TO ACT SO AS NOT TO CREATE A CONFLICT OF INTEREST THAT IMPAIRS THE LENDER'S ABILITY TO ACT IMPARTIALLY IN THE BORROWER'S BEST INTEREST; AND (3) THE DUTY TO ACT WITH THE CARE, COMPETENCE AND DILIGENCE ORDINARILY EXERCISED BY LENDERS IN SIMILAR CIRCUMSTANCES.

Borrower's Initials: _MSB_

Section 14.07 Borrower hereby authorizes Lender, after ten (10) days' notice to Borrower and Borrower's failure to execute such financing statements, to execute, deliver, file or refile as secured party, without joinder of Borrower, as debtor, any financing statement, continuation statement, or other instruments Lender may reasonably require from time to time to perfect or renew such security interest under the UCC.

**Section 14.08**  If Lender exercises its right of entry under <u>Section 7.01(h)</u> hereof and Borrower fails to surrender possession of the Property, Lender shall be entitled to institute and maintain an action of ejectment with respect to the Property in the county or counties in which such property, or any part thereof, is situated.

**Section 14.09**  Interest at a rate equal to the higher of (i) the default rate of interest set forth in the Note, and (ii) the rate of interest applicable to judgments in the Commonwealth of Pennsylvania shall be due on any judgment obtained by Lender from the date of judgment until actual payment is made of the full amount of the judgment by the sheriff or otherwise.

**Section 14.10**  The obligations of Borrower, the lien of this Security Instrument upon the Property or any part thereof, and the rights and remedies of Lender hereunder shall continue after and survive the entry of judgment hereunder or otherwise, it being the intention of the parties hereto that such liens, rights, remedies and obligations shall not merge into or be extinguished by any such judgment, but shall continue unimpaired until all sums secured hereby have been paid in full.

**Section 14.11  BORROWER IRREVOCABLY WAIVES ANY AND ALL RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM OF ANY NATURE RELATING TO THIS SECURITY INSTRUMENT, ANY DOCUMENTS EXECUTED IN CONNECTION WITH THIS SECURITY INSTRUMENT OR ANY TRANSACTION CONTEMPLATED IN ANY OF SUCH DOCUMENTS.  BORROWER ACKNOWLEDGES THAT THE FOREGOING WAIVER IS KNOWING AND VOLUNTARY.**

**Section 14.12** <u>Advance Money Mortgage</u>.   If Mortgagor sends a written notice to Mortgagee, including a notice under 42 Pa.C.S.A. § 8143, which purports to limit the Obligations under this Mortgage and to release the obligations of Mortgagee to make additional advances on account of the Loan as contemplated by the Loan Documents, such notice shall be ineffective as to any future advances made:  (a) to enable completion of improvements to the Property, the financing of which, in whole or in part, this Mortgage was given to secure; (b) to pay taxes, assessments, maintenance charges and insurance premiums; (c) for costs incurred for the protection and preservation of the Property or the lien of this Mortgage; (d) for expenses incurred by Mortgagee by reason of a default of hereunder or under the Note or the other Loan Documents; and (e) for any other costs incurred by Mortgagee to protect and preserve the Property.  It is the intention of the parties hereto that any such advance made by Mortgagee after any such notice by Mortgagor shall be secured by the lien of this Mortgage on the Property.

**[NO FURTHER TEXT ON THIS PAGE]**

Borrower acknowledges that it has read and understood all the provisions of this Security Instrument, including the confession of judgment and waiver of jury trial, and has been advised by counsel as necessary or appropriate.

IN WITNESS WHEREOF, THIS MORTGAGE has been executed by Mortgagor as of the day and year first above written.

**MORTGAGOR:**

**MBMK PROPERTY HOLDINGS LLC,**
a Delaware limited liability company

By: _____
Name: Matthew Breen
Title:  President

## ACKNOWLEDGMENT

State of _PA_
County of _Delaware_                    )

On _September 26 2018_ before me, _Dana Schlack_ (insert name and title of the officer) personally appeared _Matthew Breen_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _PA_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DANA SCHLACK, Notary Public
Media Boro., Delaware County
My Commission Expires August 23, 2020

## CERTIFICATE OF RESIDENCE

The undersigned does hereby certify that the precise address of the mortgagee is:

**COREVEST AMERICAN FINANCE LENDER LLC**
1920 Main Street, Suite 850
Irvine, CA 92614

**COREVEST AMERICAN FINANCE LENDER LLC**, a Delaware limited liability company

By: _____
Name: J. Christopher Hoeffel
Title: CFO

Mortgage (*Philadelphia County, Pennsylvania*)

## SCHEDULE 1

Property List

| PROPERTY ADDRESS | CITY | COUNTY | ZIP CODE |
|---|---|---|---|
| 2131 Brighton Street | Philadelphia | Philadelphia | 19149 |
| 40 E. Rittenhouse St | Philadelphia | Philadelphia | 19144 |

## SCHEDULE II

### Disclosure for Confession of Judgment

BORROWER: MBMK PROPERTY HOLDINGS LLC
18 Campus Blvd., STE 100
Newtown Square, PA 19073

LENDER:
CoreVest American Finance Lender LLC
1920 Main Street, Suite 850
Irvine, CA 92614
Attention: Head of Term Lending

The undersigned has executed, or is executing, on the date hereof, the following document under which the undersigned is obligated to pay monies to Lender and granting security to Lender for such repayment: Open-End Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing

A. THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENT CONTAINS PROVISIONS UNDER WHICH LENDER MAY ENTER JUDGMENT BY CONFESSION FOR POSSESSION AGAINST THE UNDERSIGNED. BEING FULLY AWARE OF ITS RIGHT TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST IT BY LENDER THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO LENDER'S ENTERING JUDGMENT AGAINST IT BY CONFESSION FOR POSSESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED HEREBY CERTIFIES THAT IT IS REPRESENTED BY COUNSEL AND THAT COUNSEL HAS REVIEWED WITH AND EXPLAINED TO THE UNDERSIGNED THE MEANING AND CONSEQUENCES OF THE ABOVE-DESCRIBED REMEDIES AND WAIVERS; THAT ITS ANNUAL INCOME EXCEEDS $10,000; AND THAT THE UNDERSIGNED RECEIVED A COPY OF SUCH DOCUMENT AT THE TIME OF SIGNING.

Dated: _9/26/18_____

**MBMK PROPERTY HOLDINGS LLC,**
a Delaware limited liability company

By: _____
Name: Matthew Breen
Title:  President

### [CORPORATE SEAL]

Schedule II
Mortgage (*Philadelphia County, Pennsylvania*)

## EXHIBIT A

Legal Description

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE in the 54th Ward of the City of Phila., described according to a Survey and Plan made by Ernest R. Brooks, Surveyor and Regulator of the 8th Survey District on 1-27-1950, as follows, to wit:-

SITUATE on the Northeast side of Brighton Street (Fifty feet wide) at the distance of 262 feet 0-3/8 inches Southeast from the Southeast side of Bustleton Avenue (One Hundred feet wide).

CONTAINING in front or breadth on said Brighton Street, Sixteen feet Four and one-half inches and extending of that width in length or depth Northeast between parallel lines at right angles to the said Brighton Street One Hundred and ten feet to a point in the center line of a Fifteen feet wide driveway which extends Northwest into Bustleton Avenue and Southeast into Leonard Street (Sixty feet wide) the Northwest and Southeast lines thereof partly passing through the center of the party walls between this premises and the premises adjoining on the Northwest and Southeast respectively.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway, passageway and watercourse at all times hereafter forever in common with the owners, tenants and occupiers of the lots of ground bounding thereon and entitled to the use thereof.

SUBJECT, however, to the proportionate part of the expense of keeping the same in good order and repair at all times hereafter, forever.

BEING NO. 2131 Brighton Street.

BEING BRT# **54-2-0988-00**

Being the same premises which Roger K. Nabors and Cheryl Nabors by Deed dated August 22, 2008 and recorded September 9, 2008 in Philadelphia County as Document No. 51963961 conveyed unto Matthew S. Breen, as sole owner, in fee.

*** 

ALL THAT CERTAIN lot or piece of ground with the three story brick dwelling House No. 40 thereon erected.

SITUATE on the Southeasterly side of Rittenhouse (formerly Center Street) at the distance of sixteen feet Southwestwardly from the Southeastwardly side of Lena Street (formerly Evans) in the 59th Ward of the City of Philadelphia.

Exhibit A
Mortgage (*Philadelphia County, Pennsylvania*)

CONTAINING in front or breadth on the said Rittenhouse Street sixteen feet eight inches and extending in length or depth Southeastwardly on the Northeasterly line which is parallel with the said Lena Street sixty-three feet and seven eighths of an inch and on the Southwesterly line at right angles to the said Rittenhouse Street sixty-two feet and three quarter inches and containing in breadth on the rear line thereof sixteen feet

BEING known as No. 40 East Rittenhouse.

BEING BRT# **59-1-1014-00**

Being the same premises which Shaista Khawaja by Deed dated March 9, 2015 and recorded March 16, 2015 in Philadelphia County as Document No. 52892068 conveyed unto Matthew S. Breen, as sole owner, in fee.

Exhibit A
Mortgage (*Philadelphia County, Pennsylvania*)