# EXHIBIT "M"

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  D. DRAYTON  03/11/2022

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COREVEST AMERICAN FINANCE 2018-2 TRUST MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>    Plaintiff,<br><br>v.<br><br>MBMK PROPERTY HOLDINGS LLC,<br><br>    Defendant. | COURT OF COMMON PLEAS PHILADELPHIA COUNTY<br><br>DECEMBER TERM, 2020<br><br>NO. 00225<br><br>
20120022500031 |

## ORDER

AND NOW, this 10th day of March 2022, upon consideration of Plaintiff's Emergency Motion for Appointment of a Receiver (the "Motion"), and for good cause shown, it is hereby:

ORDERED AND DECREED as follows:

1. Plaintiff's Emergency Motion is GRANTED.

2. James Paul of the ALPS Group will be appointed as Receiver (the "Receiver") in the above-captioned action for the real properties situated at 2131 Brighton Street, Philadelphia, PA 19149 and 40 E. Rittenhouse Street, Philadelphia, PA 19144 (collectively the "Property"), effective March 10, 2022, subject to the terms and condition set forth in this Order.

3. The Receiver is authorized and directed to immediately take and have exclusive control, possession, and custody of the Property and all contract rights, bank accounts, tax accounts, escrow accounts, receivables, causes of action, and other assets connected with the Property. The Receiver's control extends over (A) the entire Property (B) all assets associated with or derived from the Property, and (C) all income the Property has generated or generates after the Effective Date.

Case ID: 201200225
Control No.: 22024928

4. Defendant, its representatives, property managers (including Bay Management Group Philadelphia ("BMG")) and any persons acting under its direction or control, shall immediately transfer or deliver the following to the Receiver:

(A) all deposits, rents, profits, and proceeds derived from the Property on hand as of the Effective Date or collected thereafter;

(B) to the extent any deposits are held in escrow, the location of the escrow account, any escrow agreements, and all correspondence and agreements concerning such escrowed funds;

(C) all agreements of sale, leases, purchaser lists, prospective purchaser lists, tenant lists, tenant files, rent payment records, sale records, deposit records and any and all correspondence with tenants and/or buyers;

(D) equipment leases, employment agreements, supply or service agreements, and other contracts affecting the Property or items used in association with the Property;

(E) all contracts and agreements with parties holding mechanic's liens on the Property;

(F) insurance certificates and policies and correspondence with agents and insurance companies regarding coverages for the Property;

(G) banking documents and statements for all funds, revenues, deposits and expenses administered for or concerning the Property;

(H) bills and account statements for items or services acquired from vendors or suppliers over the last 24 months;

(I) real estate tax bills and all tax sale notices related to the Property;

(J) notices of assessment or re-assessment for the Property;

(K) notices of taking or of eminent domain proceedings affecting the Property;

(L) notices and correspondence regarding any violation of local, State or Federal law regarding the Property;

(M) a list of account numbers for all utilities serving the Property, or copies of the most recent billings from each one of those utility companies;

(N) a list of any pending proceedings in any court regarding or relating to leases or contracts on the Property;

(O) all inventory and equipment lists;

(P) books and records pertaining to accounts payable and accounts receivable with respect to the Property;

(Q) all environmental reports and test results in Defendant's possession relating to the Property or any portion thereof;

(R) copies of cumulative monthly operating statements for the Property generated over the last two years;

(S) all architectural, engineering plans, surveys, electrical plans and site plans for the Property;

(T) all documents relating to legal actions between Defendant and any tenant or vendor arising out of any services, property or interest pertaining to the Property; and

(U) all such other items, records or documents that the Receiver may reasonably require to operate, manage and maintain the Property.

5. Defendant, its representatives, property managers (including BMG) and any persons acting under its direction or control, shall immediately transfer or deliver to the Receiver (A) all keys, security cards and access devices for the Property, and (B) all passwords, usernames and other information needed to access any computer program or software used at the Property or used in conjunction with the administration of the Property. The documents and data to be turned over or made available to the Receiver include all hard copies as well as permanent and removable media for the storage of images or data, including hard drives (fixed, external, and portable), DVDs, CD's flash drives, and memory sticks and cards.

6. Defendant, its representatives, property managers (including BMG) and any persons acting under its direction or control are directed to immediately turn over to the Receiver all of the monies currently in their possession held as unapplied rent or as deposits or down payments, which funds are to be held by the Receiver in a segregated account at a bank insured by the FDIC, pursuant to the terms and provisions of any lease or agreements of sale entered into

by the parties who made the deposits. Defendant, its representatives, property managers (including BMG) and any persons acting under its direction or control are also directed to supply to the Receiver, within ten (10) days, an accounting of all security deposits or down payments held in connection with any lease or sale of the Property or any part of the Property, including the name and identification number of the accounts in which such security deposits are held, the name and address of the financial institutions in which such security deposits are held, and the name of the person to contact at such institutions, along with any authority or release necessary for Plaintiff to obtain information regarding such accounts from such financial institutions.

7. The Receiver shall maintain, preserve and operate the Property pursuant to all licenses and permits issued to Defendant, including without limitation, business licenses, building permits, governmental approvals, state health department licenses, licenses to conduct business, and such other permits, licenses and rights obtained from any governmental, quasi governmental, or private personal entity whatsoever, and all licenses issued to the Defendant shall remain on the Property.

8. Immediately upon presentation of this Order, Defendant shall give over to the Receiver copies of all records of income, expense, receivables and payables relating to the Property for the last 24 months which are in Defendant's possession. In the event such records exist but are not in Defendant's possession, custody or control, then within ten (10) days of the date of this Order Defendant shall collect from its representatives, property managers (including BMG) and any persons acting under its direction or control copies of all records of income, expenses, receivables and payables relating to the Property since that same date and forward those materials to the Receiver. This Order shall be sufficient grounds for any vendor or

Case ID: 201200225
Control No.: 22024928

provider to supply this information to the Receiver should it become necessary for the Receiver to make the request.

9. Revenues generated by the Property are to be deposited in a segregated operating account at a financial institution insured by the FDIC.

10. The Receiver is authorized, but not obligated, to do the following without further order of this Court:

(A) to receive payment of any insurance benefit or claim on a policy issued to or for the benefit of Defendant;

(B) to continue, manage and operate the Property as if said Receiver were the permittee under any permits;

(C) to collect, refund and compromise claims regarding tenant security deposits;

(D) to arrange and pay for liability and casualty insurance for the Property, and to include the Receiver as an insured party in that coverage;

(E) to buy, acquire and order supplies, machinery, equipment, and services the Receiver deems reasonably necessary to maintain and repair the Property;

(F) to engage contractors and to hire employees as necessary to maintain and repair the Property;

(G) to engage, obtain and arrange for payment of any testing, appraisal, surveying, engineering or environmental consulting services the Receiver deems reasonably necessary;

(H) to pay taxes, to pay for services, supplies, and equipment and to pay other bills associated with the ordinary operation, upkeep and maintenance of the Property;

(I) to make expenditures from the income, receipts, and collected rents to pay installments of principal and interest due on existing encumbrances on the Property or for equipment of fixtures leased or acquired for use at the Property;

(J) to open checking, savings or other bank accounts, and to utilize those new accounts or pre-existing accounts as operating accounts for the Property;

(K) to contest and appeal real estate tax assessments, but only upon first receiving Plaintiff's written approval for the institution of any such appeal or contest;

      (L)    to employ and pay personnel to maintain, secure and operate the Property, including individuals to be hired in place of or to replace any employee presently or previously employed by Defendant; and

      (M)    to advertise for new leases or contracts and to enter into new or renewed leases or contracts;

11.    Promptly after the Effective Date, the Receiver shall send a letter to all purchasers, tenants, and account debtors of the Defendant notifying them of the Receiver's appointment and their duty, if any, to make payments to the Receiver. Within 30 days after receiving any deposit money or security deposits and an accounting from Defendant, the Receiver shall notify each tenant, by hand delivery or first-class mail, of the amount of deposit money or security deposit the Receiver holds for each such tenant or purchaser.

12.    Defendant, its representatives, property managers (including BMG) and any persons acting under its direction or control shall not collect, remove, transfer, compromise, release, waive, forgive, or divert or in any way dispose of security deposits, rents, profits and proceeds of the Property except as permitted by this Order, and shall not exercise control or dominion over the operations and conduct of the Property, or interfere with the Receiver's control of the Property. Defendant shall not collect, receive or pay any management fee or any other fee or money from the security deposits, rents, profits or proceeds of the Property.

13.    The Receiver is authorized to engage a law firm for legal representation in the performance of its duties, and to pay those attorneys their standard hourly rates and costs, all without further order of this Court.

14.    The Receiver is also authorized to engage an accounting firm for accounting services the Receiver deems reasonably necessary to assist in the performance of the Receiver's duties, and to pay those accountants their standard hourly fees and costs, all without further order of this Court.

Case ID: 201200225
Control No.: 22024928

15. The Receiver is authorized to engage the services of such other professionals, such as surveyors, appraisers, environmental engineers, and other consultants, as the Receiver deems reasonably necessary to assist in the performance of the Receiver's duties, and to pay those professionals their standard charges, all without further order of this Court.

16. The Receiver shall keep a true and accurate account of any and all receipts and expenditures, to be reported in the Receiver's monthly accountings, which are to be provided to the parties and the Court until further order of the Court.

17. All funds expended by the Receiver on account of the Property shall be added to the Borrower's indebtedness to the Plaintiff and shall be reimbursed subject to any party's right to challenge such reimbursements.

18. The appointment of the Receiver shall terminate at the earlier of (A) the mutual written consent of the parties, (B) any conveyance of the Property (including a sheriff's sale), (C) the Receiver's resignation, or (D) an Order of Court. Upon termination of the receivership, the Receiver is instructed to pay all outstanding expenses (including fees and costs) and return the excess balance, if any, to the party entitled to the receipt of those funds.

19. Pursuant to Pa.R.C.P. 1533(d), the Receiver is directed to post security, in cash or by way of a bond in the amount of $10,000.00.

20. The Receiver and any party hereto may, at any time, upon proper notice of the parties who have appeared in this action, apply to this Court for further or other instructions and for further power necessary to enable it to properly fulfill its duties as Receiver.

21. Defendant is enjoined from obstructing or interfering with (A) the Receiver's full and unfettered access to the Property, or (B) the Receiver's efforts to receive, collect and administer income and materials associated with the Property. Defendant is also enjoined from

Case ID: 201200225
Control No.: 22024928

retaining, taking possession of, exercising control over, assigning, or conveying any asset, right, privilege, or interest regarding Defendant, the Property, or rights and privileges associated with the Property.

22. The Receiver shall serve in the capacity of a court appointment receiver and is immune from claims, liabilities, or lawsuits, whether in contract or in tort, arising from the performance of duties authorized by this Order.

23. Notwithstanding anything to the contrary above, nothing in this Order shall limit or disturb Plaintiff's right to foreclose and execute on the Property and divest all junior lien holders of their interest pursuant to a Sheriff's Sale of the Property.

24. The Court retains jurisdiction over this matter as necessary to enforce the powers of the Receiver and/or to compel a performance of and compliance with this Order. The Receiver is authorized, upon application to this Court, to seek further enforcement and relief as necessary.

BY THE COURT:

_____
ANNE MARIE B. COYLE, J.