# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : <br> : <br> MBMK PROPERTY HOLDINGS, LLC, : <br> : <br> Debtor : <br> : | CHAPTER 11 <br><br> Bankruptcy No. 2:22-bk-13121 (MDC) |
| MBMK PROPERTY HOLDINGS, LLC, : <br> Plaintiff, : <br> : <br> v. : <br> : <br> WILMINGTON TRUST, NATIONAL : <br> ASSOCIATION, As Trustee, For : <br> The Benefit of The Holders Of : <br> Corevest American Finance : <br> 2018-2 Trust Mortgage : <br> Pass-Through Certificates; : <br> : <br> BAY MANAGEMENT GROUP OF : <br> PHILADELPHIA, LLC; : <br> : <br> JAMES PAUL, d/b/a James Paul : <br> the ALPS Group; : <br> : <br> and : <br> : <br> ALPS GROUP, INC. d/b/a James Paul : <br> the ALPS Group, : <br> Defendants. : | Adversary Proceeding No. 23-00062 (MDC) |

### REPLY IN FURTHER SUPPORT OF
### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
### <u>PURSUANT TO FED.R.CIV.P. 12(b)(1)</u>

Defendant, James Paul ("Mr. Paul"), the Court-appointed Receiver of Debtor MBMK

Property Holdings, LLC ("MBMK" or the "Debtor"), submits this Reply in Further Support of

1

4880-6546-8823

the Motion to Dismiss seeking dismissal based on this Court's lack of subject matter jurisdiction and, in furtherance thereof, Mr. Paul avers as follows:

## INTRODUCTION

MBMK fails to elucidate any case law from the Third Circuit, or any other, which stands against the application of the *Barton* Doctrine to the instant facts.  The sole basis for the response to the Motion to Dismiss is focused on the Debtor's erroneous belief that upon the filing of the bankruptcy case, the receiver and his actions are brought under the exclusive jurisdiction of the Bankruptcy Court.  It is the well established law of the Supreme Court of the United States that leave of the appointing court is required before a debtor can sue a receiver for conduct within the purview of the order appointing it.

MBMK seeks to further litigate this adversary proceeding in the face of over a hundred years of legal precedent, despite the lack of subject matter jurisdiction, the unavoidable consequence of which will eventually be that everything that is done here will one day be declared void *ab initio*.  Mr. Paul raises this issue at the outset of this proceeding to avoid the waste of judicial resources, unfair prejudice and the unnecessary hardship and expense that will result if his motion is denied.

## LEGAL ARGUMENT[1]

MBMK's opposition [Doc 29] to Mr. Paul's Motion to Dismiss [Doc 14] relies entirely on non-precedential decisions from outside the Third Circuit for the proposition that the *Barton* Doctrine does not apply to the instant matter.  *In re: Sundance*, 149 B.R. 641 (E.D. Wa. 1993); *In re: Auto Prof'ls, Inc.*, No. 7 B 96720, 2007 Bankr. LEXIS 2177 (Bankr. N.D. Ill. July 3,

---

[1] Mr. Paul incorporates by reference to the docket the Relevant Factual and Procedural History as set forth at p. 2 of Motion to Dismiss [Doc 14].  Mr. Paul also incorporates all the identities of the parties for reference as set forth therein.

2007); and, *Lamplight Condo Ass'n v. Boardwalk Realty Assocs., LLC* (*In re: Lamplight Condo. Ass'n*), No. 17-20078 (JJT), 2017 Bankr. LEXIS 1228 (Bankr. D. Conn. May 5, 2017). MBMK's reliance on those cases and their application to the instant matter is misplaced. MBMK's stance would all but abrogate the *Barton* doctrine vis-à-vis the Bankruptcy Code by automatically bringing pre-petition receivership conduct under the jurisdiction of the bankruptcy court. However, the courts of this circuit have clearly stated that the *Barton* Doctrine has not been abrogated by passage of the Bankruptcy Code. *Kaliner v. Antonopolos (In re DMW Marine, LLC)*, 509 B.R. 497, 503 (Bankr. E.D. Pa. 2014), *citing*, *In Re: VistaCare Group, LLC*, 678 F.3d 218 (3d Cir. 2012).

Furthermore, the two cases primarily relied upon by MBMK and that touch upon the *Barton* Doctrine's restrictions are factually distinguishable from the instant matter.[2] In *In re: Sundance Corp.*, 149 B.R. 641 (Bankr. E.D. Wa. 1993), the bankruptcy court acknowledged that consent of the appointing court is required, but carved out an exception under the unique circumstances of that case, where the receiver was actually appointed by the bankruptcy court to retain custody and control over the property of the estate and where the court noted that the claims against the receiver were in the nature of tort claims which fall outside the *Barton* Doctrine. *Id.* The *Sundance Corp.* case, the bankruptcy court *was* the appointing court and the *Barton* Doctrine was not applicable. *Id.* Accordingly, *In re: Sundance Corp.* does not apply to the instant set of facts.

Likewise, MBMK's reliance on *In re: Auto Prof'ls, Inc.*, No. 7 B 96720, 2007 Bankr. LEXIS 2177 (Bankr. N.D. Ill. July 3, 2007) is unavailing. *In re: Auto Prof'ls, Inc.* involved a

---

[2] Although intermixed with the *Barton* Doctrine cases, *Lamplight Condo Ass'n v. Boardwalk Realty Assocs., LLC* (*In re: Lamplight Condo. Ass'n*), No. 17-20078 (JJT), 2017 Bankr. LEXIS 1228 (Bankr. D. Conn. May 5, 2017) does not involve the *Barton* Doctrine.

ruling on a turnover motion. In that case, the Illinois Director of Insurance, not a state court appointed receiver, sought to avoid the turnover of assets without prior state court approval based on its interpretation of the *Barton* Doctrine. The Bankruptcy Court declined to apply the *Barton* Doctrine *only* on the issue of turnover of property of the estate (which has been done here) and there was no indication that the Director of Insurance sought to apply the *Barton* Doctrine to claims brought against a him without leave of court. *Id*. The Court in the *In re Auto Prof'ls* case specifically held that the *Barton* Doctrine remains in effect, but does not protect a court appointed receiver from being required to turn over property of the estate. *Id.* Accordingly, *In re: Auto Prof'ls, Inc.* is inapplicable to the instant matter.

The *sine qua non* of the *Barton* Doctrine is that the conduct of a state court appointed receiver falls within the purview of the appointing court, which is the court in the best position to evaluate compliance with its appointing order, and not the bankruptcy court. *Barton v. Barbour*, 104 U.S. 126, 128, 26 L. Ed. 672 (1881); s*ee also, Davis v. Gray*, 83 U.S. 203, 218, 21 L. Ed. 447 (1872)(holding that the court appointing a receiver "will not allow him to be sued touching the property in his charge, **nor for any malfeasance as to the parties**, or others, without [the court's] consent" (emphasis added)). This principle was expounded on in a dissent in the case of *Witt v. Com., Dept. of Banking*, 425 A.2d 374 (Pa. 1981), wherein Justice Nix, quoting the United States Supreme Court, wrote:

> In our decision in *Warner v. Conn*, 347 Pa. 617, 32 A.2d 740 (1943) we discussed in detail the nature of an equitable receivership. Therein we stated, quoting from *Porter v. Sabin*, 149 U.S. 473, 479, 13 S.Ct. 1008, 1010, 37 L.Ed. 815 (1893):
>
> When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate; the possession of the receiver is the possession of the court; **and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it**.

4

> It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust or settle them without suit, as in its judgment may be most beneficial to those interested in the estate. Any claim against the receiver of the corporation, the court may permit to be put in suit in another tribunal against the receiver, or may reserve to itself the determination of; **and no suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him.** *Warner v. Conn*, *supra*, 347 Pa. at 620-621, 32 A.2d at 741-42.
>
> The *Warner* Court concluded the discussion by reaffirming our adherence to "the well settled rule that the granting of leave to sue either on behalf of or against a receivership is generally a matter within the sound discretion of the court." *Warner v. Conn*, *supra*, 347 Pa. at 621, 32 A.2d at 742. In essence a receiver is the officer of the court which appoints him or her, *Gordon v. Hartford Sterling Co.*, 319 Pa. 174, 179 A. 234 (1935); thus the receiver may not exceed the prescribed limits of authority conferred by that court. *Continental Bank and Trust Co. of N.Y. v. American Assembling Machine Co.*, 350 Pa. 300, 38 A.2d 220 (1944).
>
> **Following these basic principles, we ordinarily would look to the order appointing the receiver to determine what authority had been given to her by the court.**

425 A.2d at 376 (emphasis added).

## CONCLUSION

The instant proceeding runs afoul of this principle: Mr. Paul is being sued for actions taken in his capacity as receiver and MBMK seeks a personal judgment against him. MBMK failed to seek leave from the state courts that appointed Mr. Paul as receiver over MBMK's properties before attempting to sue him in this Court. MBMK's failure to obtain leave is fatal to the subject matter jurisdiction of this court and requires that MBMK's claims against Mr. Paul be dismissed.

**WHEREFORE**, Defendant, Mr. Paul, respectfully prays that the Court dismiss this Complaint for lack of subject matter jurisdiction.

Respectfully,

        /s/ *Michael Vagnoni*
Matthew A. Green (I.D. No. 91592)
Michael Vagnoni (I.D. No. 78374)
Lars J. Lederer (I.D. No. 89719)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
Centre Square West, 34th Floor
1500 Market Street
Philadelphia, Pennsylvania 19102
(Phone) 215-665-3000
Attorneys for Defendant,
James Paul

Dated: December 19, 2023

4880-6546-8823