# EXHIBIT "C"

# NATIONAL FIDUCIARY ACCOUNTING STANDARDS PROJECT

## 1983 REPORT OF FIDUCIARY ACCOUNTING STANDARDS COMMITTEE

### Scope of the Project

"Fiduciary Accounting" does not have one commonly understood meaning. In a broad sense, it can mean the entire process whereby a fiduciary – normally a personal representative, trustee or guardian – communicates information on an on-going basis regarding his administration of a fund and periodically justifies his administration to the parties in interest and, perhaps, to a court. In another sense, it may be the process whereby a fiduciary – here more often a trustee – periodically keeps parties in interest currently informed of transactions and investment policies being followed.

In a narrower sense, to which this report is directed, a fiduciary accounting may refer to the statement prepared by a fiduciary at the close of his administration of a fund (or at some appropriate intermediate stage) to reflect transactions that have occurred and to be presented to the parties in interest as part of a process whereby the fiduciary seeks discharge from liability for the events disclosed.

There is undoubtedly much that can be accomplished to improve the general administration of estates and trusts. A broad study of our basic fiduciary accounting models could lead to dramatic change in the future. But such a study as well as general questions regarding what constitutes fair and adequate procedures in a large variety of circumstances remain beyond the scope of this project.

### Advantages to Be Gained from Uniformity

The manner in which a fiduciary records receipts and disbursements and gains and losses from investment during the course of administration is commonly dictated by local practice, court rule or statute. In many jurisdictions there is a lack of clarity or consistency regarding the form and content of such an accounting. A uniform form of account and the creation of guiding principles of accounting would be a most helpful development.

Through the development of a uniform form of account the forms that are now in use can be improved. It would not be expected that immediate change to a model account format would be required of corporate fiduciaries with substantial investments in computer programs but ultimately, standardization of forms will permit more effective utilization of machine record keeping techniques and significant cost savings. Standards for acceptable accounting practices will provide needed guidelines.

Since proposed standards can be illustrated by example, we have focused on form and content of a statement of transactions, recognizing that a proper form of account is important whether the account is to be presented in court or employed as part of an informal settlement process between a fiduciary and beneficiaries.

# NATIONAL FIDUCIARY ACCOUNTING STANDARDS PROJECT

## 1983 REPORT OF FIDUCIARY ACCOUNTING STANDARDS COMMITTEE

**Scope of the Project**

"Fiduciary Accounting" does not have one commonly understood meaning. In a broad sense, it can mean the entire process whereby a fiduciary – normally a personal representative, trustee or guardian – communicates information on an on-going basis regarding his administration of a fund and periodically justifies his administration to the parties in interest and, perhaps, to a court. In another sense, it may be the process whereby a fiduciary – here more often a trustee – periodically keeps parties in interest currently informed of transactions and investment policies being followed.

In a narrower sense, to which this report is directed, a fiduciary accounting may refer to the statement prepared by a fiduciary at the close of his administration of a fund (or at some appropriate intermediate stage) to reflect transactions that have occurred and to be presented to the parties in interest as part of a process whereby the fiduciary seeks discharge from liability for the events disclosed.

There is undoubtedly much that can be accomplished to improve the general administration of estates and trusts. A broad study of our basic fiduciary accounting models could lead to dramatic change in the future. But such a study as well as general questions regarding what constitutes fair and adequate procedures in a large variety of circumstances remain beyond the scope of this project.

**Advantages to Be Gained from Uniformity**

The manner in which a fiduciary records receipts and disbursements and gains and losses from investment during the course of administration is commonly dictated by local practice, court rule or statute. In many jurisdictions there is a lack of clarity or consistency regarding the form and content of such an accounting. A uniform form of account and the creation of guiding principles of accounting would be a most helpful development.

Through the development of a uniform form of account the forms that are now in use can be improved. It would not be expected that immediate change to a model account format would be required of corporate fiduciaries with substantial investments in computer programs but ultimately, standardization of forms will permit more effective utilization of machine record keeping techniques and significant cost savings. Standards for acceptable accounting practices will provide needed guidelines.

Since proposed standards can be illustrated by example, we have focused on form and content of a statement of transactions, recognizing that a proper form of account is important whether the account is to be presented in court or employed as part of an informal settlement process between a fiduciary and beneficiaries.

**Performance Accounting Distinguished**

No effort has been made to standardize that kind of fiduciary accounting which is directed toward an analysis of the investment performance of a fund. Accounts of this type are often distributed to beneficiaries by corporate fiduciaries at regular intervals, generally one year or less, and contain statements of receipts, disbursements and assets on hand at the close of the period. The statement of assets customarily discloses additional information such as cost or tax basis, current market value, current yield expressed sometimes both in dollars and as a percentage of cost or market, and may show the distribution of investments among various categories such as bonds and stocks with subdivision of stocks by industry. These statements can be immensely valuable, both as an aid to the fiduciary in analyzing the structure of the portfolio, and for the information of beneficiaries. Indeed, because this form of report reflects and analyzes current investment policy, it may be described as more positive and forward looking than an unrationalized account of past transactions which is commonly used as a basis for discharge from responsibility for past acts. However, accountings of this type are fundamentally different in purpose from the traditional concept of discharge accounting by a fiduciary. There are inherent limitations that tend to restrict their use to professional institutionalized fiduciaries, and the need for establishment of standards appears to be less pressing than in the conventional area of discharge accounting.

**Basic Objectives and General Standards of Fiduciary Accounting**

The fundamental objective of an account should be to provide essential and useful information in a meaningful form to the parties interested in the accounting process. It is also important that the account should be sufficiently simple to enable its preparation without unreasonable expense to the fund, or undue distraction from the on-going administration of the estate. Finally, although the parties should understand the nature of the accounting process and the need to protect their interests, the relationship of trust and confidence existing between the fiduciary and the beneficiaries is itself important and the account should not be presented in an adversary format that will unnecessarily impair this relationship.

**Competing Goals**

Maximum clarity, full disclosure and complete description and explanation of all events to be disclosed appear to be standards that all would accept. But, in combination, they may present many difficulties. For example, clarity may be obscured by the detail that is required for a disclosure that omits nothing. Full explanation of all investment decisions might produce a massive document that few beneficiaries would read. On balance, a set of flexible principles keyed to the standard of good faith supports the utmost protection of the parties and permits accounting standards to change and mature as circumstances require.

Fiduciary accounts rarely will be identical. In addition to the predictable variables of the size and composition of the assets, the period covered and the position of those interested, the significance of particular issues in a controversy may be illuminated by special accounting treatment of some portion of a fund. This suggests that a fiduciary should have enough flexibility to state an account in the manner best adapted to the particular circumstances and

discourages any effort to prescribe a totally rigid format. Accordingly, the following principles are suggested as general standards for fiduciary accounting.

**Model Accounts**

Sample Executor's and Trustee's accounts are attached to illustrate the application of the suggested standards for fiduciary accounting.

**Fiduciary Accounting Principles**

**I. Accounts should be stated in a manner that is understandable by persons who are not familiar with practices and terminology peculiar to the administration of estates and trusts.**

**Commentary:**

In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with fiduciary accounts. It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood by a person of average intelligence, literate in English, and familiar with basic financial terms who has read it with care and attention.

Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particular form of practice tend to forget that terms which are familiar and useful to them may convey nothing to someone else or may even be affirmatively misleading. For example, the terms "debit" and "credit" are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of fiduciary accounting, the receipt of an item is a "credit" to the fund rather than a "debit" to the fiduciary.

While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.

No position is taken for or against the use of direct print-outs from machine accounting systems. The quality of the accounts produced by these systems varies widely in the extent to which they can be understood by persons who are not familiar with them. To endorse or object to a direct print-out because it is produced by machine from previously stored data would miss the essential point by focusing attention upon the manner of preparation rather than the product.

**II. A fiduciary account shall begin with a concise summary of its purpose and content.**

**Commentary:**

Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them. Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read. The use that is made of these pages is therefore of particular significance.

The cover page should disclose the nature and function of the account. While a complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical for inclusion at this point, there should be at least a brief statement identifying the fiduciary and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.

It is assumed that the parties would also have enough information from other sources to understand the nature of their relationship to the fund (e.g., residuary legatee, life tenant, remainderman), the function of the account, and the obligation of the fiduciary to supply further relevant information upon request. It is also assumed that notice will be given of any significant procedural considerations such as limitation on the time within which objections must be presented. This would normally be provided by prior or contemporaneous memoranda, correspondence or discussions.

A summary of the account shall also be presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period; transactions during the period; and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported by a schedule in the account that provides the details on which the summary is based.

**III. A fiduciary account shall contain sufficient information to put the interested parties on notice as to all significant transactions affecting administration during the accounting period.**

**Commentary:**

The presentation of the information in an account shall allow an interested party to follow the progress of the fiduciary's administration of assets during the accounting period without reference to an inventory or earlier accounting that is not included in the current account.

An account is not complete if it does not itemize assets on hand at the beginning of the accounting period.

Illustrations:

3.1 The first account for a decedent's estate or a trust should detail the items received by the fiduciary and for which he is responsible. It should not simply refer to the total amount of an inventory filed elsewhere or assets described in a schedule attached to a deed of trust.

3.2 In later accounts for an estate or trust, the opening balance should not simply refer to the total value of principal on hand as shown in detail in the prior account, but should list each item separately.

Instead of retyping the complete list of assets in the opening balance, the accountant may prefer to attach as an exhibit a copy of the inventory, closing balance from last account, etc., as appropriate.

Transactions shall be described in sufficient detail to give interested parties notice of their purpose and effect. It should be recognized that too much detail may be counterproductive to making the account understandable. In accounts covering long periods or dealing with extensive assets, it is usually desirable to consolidate information. For instance, where income from a number of securities is being accounted for over a long period of time, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.

Although detail should generally be avoided for routine transactions, it will often be necessary to a proper understanding of an event that is somewhat out of the ordinary.

Illustrations:

3.3 Extraordinary appraisal costs should be shown separately and explained.

3.4 Interest and penalties in connection with later filing of tax returns should be shown separately and explained.

3.5 An extraordinary allocation between principal and income such as apportionment of proceeds of property acquired on forclosure should be separately stated and explained.

3.6 Computation of a formula marital deduction gift involving non-probate assets should be explained.

**IV. A fiduciary account shall include both carrying values—representing the value of assets at acquisition by the fiduciary—and current values at the beginning and end of the accounting period.**

**Commentary:**

In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.

The carrying value of an asset should reflect its value at the time it is acquired by the fiduciary (or a predecessor fiduciary). When such a value is not precisely determinable, the figure used should reflect a thoughtful decision by the fiduciary. For assets owned by a decedent, inventory values or estate tax values—generally reflective of date of death values—would be appropriate. Assets received in kind by a trustee from a settlor of an inter-vivos trust should be carried at their value at the time of receipt. For assets purchased during the administration of the fund, cost would normally be used. Use of Federal income tax bases for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition. Use of tax basis as a carrying value under other circumstances could be affirmatively misleading to beneficiaries and therefore is not appropriate.

In the Model Account, carrying value is referred to as "fiduciary acquisition value." The Model Account establishes the initial carrying value of assets as their value at date of death for inventoried assets, date of receipt for subsequent receipts and cost for investments.

Carrying value would not normally be adjusted for depreciation.

Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily "written up" or "written down." In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.

Illustrations:

4.1 Carrying values based on date of death may be adjusted to reflect changes on audit of estate or inheritance tax returns.

4.2 Where appropriate under applicable local law, a successor fiduciary may adjust the carrying value of assets to reflect values at the start of his administration.

4.3 Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.

Though essential for accounting purposes, carrying values are commonly misunderstood by laymen as being a representation of actual values. To avoid this, the account should include both current values and carrying values.

The value of assets at the beginning and ending of each accounting period is necessary information of the evaluation of investment performance. Therefore, the account should show current values at the start of the period for all assets whose carrying values were established in a prior accounting period.

Illustrations:

4.4 The opening balance of the first account of a testamentary trustee will usually contain assets received in kind from the executor. Unless the carrying value was written up at the time of distribution (e.g., 4.2 or 4.3 supra) these assets will be carried at a value established during the executor's administration. The current value at the beginning of the accounting period should also be shown.

4.5 An executor's first account will normally carry assets at inventory (date of death) values or cost. No separate listing of current values at the beginning of the accounting period is necessary.

Current values should also be shown for all assets on hand at the close of the accounting period. The date on which current values are determined shall be stated and shall be the last day of the accounting period, or a date as close thereto as reasonably possible.

Current values should be shown in a column parallel to the column of carrying values. Both columns should be totalled.

In determining current values for assets for which there is no readily ascertainable current value, the source of the value stated in the account shall be explained. The fiduciary shall make a good faith effort to determine realistic values but should not be expected to incur expenses for appraisals or similar costs when there is no reason to expect that the resulting information will be of practical consequence to the administration of the estate or the protection of the interests of the parties.

Illustrations:

4.6 When an asset is held under circumstances that make it clear that it will not be sold (e.g., a residence held for use of a beneficiary) the fiduciary's estimate of value would be acceptable in lieu of an appraisal.

4.7 Consideration such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the fiduciary's best estimate of value. In such circumstances, a statement that value was fixed by some method such as "per company books", "formula under buy-sell agreement", "300% of assessed value" would be acceptable, but the fiduciary would be expected to provide further information to interested parties upon request.

**V. Gains and losses incurred during the accounting period shall be shown separately in the same schedule.**

**Commentary:**

Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the transaction, date, explanation, and any gain or loss.

Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and will tend to clarify relationships between gains and losses that are deliberately realized at the same time.

**VI. The account shall show significant transactions that do not affect the amount for which the fiduciary is accountable.**

**Commentary:**

Transactions such as the purchase of an investment, receipt of a stock split or change of a corporate name do not alter the total fund for which a fiduciary is accountable but must be shown in order to permit analysis and an understanding of the administration of the fund. These can be best shown in information schedules.

One schedule should list all investments made during the accounting period. It should include those subsequently sold as well as those still on hand. Frequently the same money will be used for a series of investments. Therefore, the schedule should not be totalled in order to avoid giving an exaggerated idea of the size of the fund.

A second schedule (entitled "Changes in Investment Holdings" in the Model Account) should show all transactions affecting a particular security holding such as purchase of additional shares, partial sales, stock splits, change of corporate name, divestment distributions, etc. This schedule, similar to a ledger account for each holding, will reconcile opening and closing entries for particular holdings, explain changes in carrying value and avoid extensive searches through the account for information scattered among other schedules.

*Committee Comment:* The Model Executor's Account and Model Trustee's Account published in connection with the above Report of the Fiduciary Accounting Standards Committee have been replaced by the Model Estate Account and Model Trust Account which appear in this Appendix.