JOHN MACGOWAN
JMACGOWAN@GRSM.COM



ATTORNEYS AT LAW
THREE LOGAN SQUARE
1717 ARCH STREET STE 610
PHILADELPHIA, PA 19103
WWW.GORDONREES.COM

July 14, 2025

**VIA CM/ECF AND EMAIL**

All Counsel of Record

**Re:** *MBMK Property Holdings, LLC v. Wilmington Trust, N.A., et al.*
**Adversary No. 23-00062-djb (Bankr. E.D. Pa.)**
**Main Case No. 22-13121-djb**

Counsel:

Pursuant to Federal Rule of Civil Procedure 45(a)(4), made applicable by Bankruptcy Rule 9016, please accept this notice that the undersigned intends to serve the enclosed subpoena duces tecum and notice of deposition on non-party **Shiraz Abdulhussein Jaffer**.

The subpoena commands Mr. Jaffer to appear for oral examination on **Wednesday, August 13, 2025, at 10:00 a.m.** at the offices of Gordon Rees Scully Mansukhani LLP, Three Logan Square, 1717 Arch Street, Suite 1610, Philadelphia, Pennsylvania 19103, and to produce the documents described in Exhibit A to the subpoena. The deposition will be recorded stenographically.

Service of the subpoena, together with the required witness fee and mileage, will be effected on or after **July 16, 2025.**

Should you wish to confer regarding scheduling or the scope of the accompanying document requests, please contact me promptly. Otherwise, we will proceed as noticed.

Very truly yours,

John MacGowan
Gordon Rees Scully Mansukhani LLP
Three Logan Square
1717 Arch Street, Suite 1610
Philadelphia, PA 19103
(215) 965-2240 | jmacgowan@grsm.com

**Enclosure: Subpoena to Shiraz Abdulhussein Jaffer with Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| MBMK PROPERTY HOLDINGS, LLC, : | |
| : | Bankruptcy No.: 22-13121-djb |
| Debtor. : | |
| : | |
| : | |
| MBMK PROPERTY HOLDINGS, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Adv. Pro. No.: 23-00062-djb |
| v. : | |
| : | |
| WILMINGTON TRUST, NATIONAL : | |
| ASSOCIATION, as Trustee for the Benefit of the : | |
| Holders of CoreVest American Finance 2018-2 : | |
| Trust Mortgage Pass-Through Certificates; BAY : | |
| MANAGEMENT GROUP OF : | |
| PHILADELPHIA, LLC; JAMES PAUL, d/b/a : | |
| James Paul of the ALPS Group; and ALPS : | |
| GROUP, INC. d/b/a James Paul The ALPS : | |
| Group, : | |
| : | |
| Defendants. : | |
| : | |

## NOTICE OF DEPOSITION OF SHIRAZ ABDULHUSSEIN JAFFER

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(1) & 45 and Fed. R. Bankr. P. 7030 & 9016, Defendant Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of CoreVest American Finance 2018-2 Trust Mortgage Pass-Through Certificates ("Wilmington Trust"), by and through Midland Loan Services, a division of PNC Bank, National Association, acting solely in its limited capacity as Special Servicer, will take the deposition upon oral examination of Shiraz Abdulhussein Jaffer (who may be served at 1760 Brewster Court, Allentown, Pennsylvania 18104) at the date, time, and location set forth below:

- **Date**: Wednesday, August 13, 2025

- **Time**: 10:00 a.m. Eastern (subject to the seven-hour limit of Fed. R. Civ. P. 30(d)(1) unless otherwise stipulated or ordered)

- **Location**: Gordon Rees Scully Mansukhani, LLP Three Logan Square, 1717 Arch Street, Suite 610 Philadelphia, Pennsylvania 19103

The deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded stenographically. Any party may arrange, at its own expense, to receive real-time transcription or a copy of the video.

The examination will continue from day to day, excluding weekends and court-recognized holidays, until completed. All parties are invited to attend and cross-examine.

**PLEASE TAKE FURTHER NOTICE** that a subpoena to testify at a deposition in a bankruptcy case (Form B2570) has been issued to Mr. Jaffer and will be served concurrently with this notice pursuant to Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 9016.

Dated: July 14, 2025

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _/s/ Luke D. Wolf_
Ari M. Charlip (MI P57285), *pro hac vice*
Luke D. Wolf (MI P81932), *pro hac vice*
37000 Woodward Avenue, Suite 225
Bloomfield Hills, MI 48304
(313) 756-6404 | (313) 406-7373 (fax)
acharlip@grsm.com
lwolf@grsm.com

-and-

John MacGowan (PA #332910)
Three Logan Square
1717 Arch Street, Suite 1610
Philadelphia, PA 19103
Phone: (973) 549-2506
jmacgowan@grsm.com

*Counsel for Secured Creditor Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of CoreVest American Finance 2018-2 Trust Mortgage Pass-Through Certificates, by and*

-2-

*through Midland Loan Services, a division of PNC Bank, N.A., acting solely in its limited capacity as Special Servicer*

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____**Eastern**_____ District of __**Pennsylvania**__

In re **MBMK PROPERTY HOLDINGS, LLC**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

**MBMK PROPERTY HOLDINGS, LLC**
_____
Plaintiff

**WILMINGTON TRUST, N.A., as Trustee for CoreVest 2018-2 Trust**
**BAY MANAGEMENT GROUP OF PHILADELPHIA, LLC**
**JAMES PAUL d/b/a The ALPS Group; and ALPS GROUP, INC.**
v.
Defendant

Case No. __**22-13121-DJB**__

Chapter __**11**__

Adv. Proc. No. __**23-00062-DJB**__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __**SHIRAZ ABDULHUSSEIN JAFFER**__

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE<br>**Gordon Rees Scully Mansukhani, LLP Three Logan Square, 1717 Arch Street, Suite 610 Philadelphia, Pennsylvania 19103** | DATE AND TIME<br>**Wednesday, August 13, 2025**<br>**10 a.m.** |
|---|---|

The deposition will be recorded by this method:
**Pursuant to Federal Rule of Civil Procedure 30(b)(3), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7030, the deposition will be recorded by stenographic means.**

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**See Exhibit A.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __**July 14, 2025**__

CLERK OF COURT

OR

_____          _/s/ John MacGowan, Esq._____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Defendant**
__**WILMINGTON TRUST, N.A., as Trustee for CoreVest 2018-2 Trust**__, who issues or requests this subpoena, are: **GORDON REES SCULLY MANSUKHANI LLP**
**Three Logan Square 1717 Arch Street Suite 610, Philadelphia, PA 19103 215-965-2240 jmacgowan@grsm.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

Document Schedule to Subpoena Duces Tecum Directed to Shiraz Abdulhussein Jaffer

## I.   DEFINITIONS

"You," "Your," or "Jaffer" mean Shiraz Abdulhussein Jaffer, together with all agents, representatives, attorneys, and any other person acting or purporting to act on his behalf.

"Debtor" means MBMK Property Holdings, LLC and all persons or entities acting on its behalf.

"Khawaja" means Mohsin Khawaja (a/k/a Syed M. Khawaja), the Debtor's principal and sole authorized signatory on the DIP Account.

"Wilmington Trust" means Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of CoreVest American Finance 2018-2 Trust Mortgage Pass-Through Certificates, together with its servicer, agents, and attorneys.

"DIP Account" means the debtor-in-possession account maintained at Axos Bank (or any other financial institution) into which proceeds of the sale of the Debtor's mortgaged properties were deposited on or about January 19 - 30, 2024.

"Cash Collateral" has the meaning set forth in 11 U.S.C. § 363(a) and includes, without limitation, the $1,727,486.70 in sale proceeds and any subsequent proceeds thereof.

"Communication" means every manner of conveying information—including emails, text messages, instant messages, social-media messages, voicemails, letters, memoranda, notes, or reports—whether written, printed, recorded, or electronically stored.

"Document" and "ESI" (Electronically Stored Information) are used as defined in Fed. R. Civ. P. 34(a) and include all drafts and non-identical copies, metadata, and any attachments or enclosures.

"Transfer" means any withdrawal, wire, ACH, cheque, debit, or other movement of money or property.

Relevant Period: January 1, 2023 to the present, unless a different period is expressly stated.

## II.     INSTRUCTIONS

A.     Produce all responsive Documents and ESI within Your possession, custody, or control, including any stored on personal devices, cloud accounts, or third-party platforms.

B.     If You withhold Documents under a claim of privilege, provide a privilege log describing each item's nature, date, author(s), recipient(s), and the privilege asserted.

C.     Produce ESI in native format with all metadata intact; produce paper Documents in searchable, multipage PDF format.

D.      If no responsive Documents exist for a numbered request, so state in writing and identify any persons believed to have knowledge of the subject matter.

E.     These requests are continuing. Promptly supplement Your production if additional responsive Documents become known or available.

## III.     REQUESTS FOR PRODUCTION

1.     All bank statements, cancelled cheques, wire confirmations, ACH records, deposit slips, or other account records reflecting any Transfer into or out of the DIP Account during the Relevant Period.

2.     Documents sufficient to identify all financial accounts (including cryptocurrency wallets) held in Your name, jointly with another person, or over which You had signatory or transactional authority at any time during the Relevant Period.

3.     All Communications between You and Khawaja concerning the DIP Account, Cash

Collateral, or any Transfers originating from or intended for the DIP Account.

4. All Communications between You and any employee, agent, or representative of the Debtor relating to the Cash Collateral or any Transfer of funds owned or controlled by the Debtor.

5. All Communications between You and any representative of Axos Bank—or any other financial institution—relating to:

   a. opening, closing, or maintenance of the DIP Account;

   b. credentials, access, or permissions for the DIP Account;

   c. any flagged, reversed, blocked, or disputed transactions.

6. All Documents reflecting the purpose, destination, or ultimate use of each Transfer You initiated or caused to be initiated from the DIP Account between March 6 and March 29, 2024.

7. All receipts, invoices, contracts, purchase agreements, or other Documents evidencing what goods, services, or obligations (if any) were paid with Cash Collateral withdrawn from the DIP Account.

8. All Communications with any person or entity that received—or was intended to receive—funds transferred from the DIP Account.

9. All Documents reflecting any repayment, reimbursement, or return of Cash Collateral to the Debtor, Wilmington Trust, or any escrow account.

10. All Documents relating to any agreement, formal or informal, between You and Khawaja (or any agent of the Debtor) authorizing You to access or manage the DIP Account.

11. All Documents relating to any power of attorney, mandate, or authorization—written or oral—purporting to grant You signing authority over any of the Debtor's financial

accounts.

12. All Documents reflecting Your personal, business, or financial relationship with Khawaja, including joint ventures, loans, investments, or shared business interests.

13. All Communications with any accountant, auditor, bookkeeper, or advisor regarding the Transfers, the DIP Account, or Your role in handling Debtor funds.

14. All Documents related to any investigation, inquiry, complaint, or report (internal, bank-initiated, law-enforcement, or regulatory) concerning the Transfers from the DIP Account.

15. All Documents You provided to, or received from, the Subchapter V Trustee, U.S. Trustee, or counsel in connection with the bankruptcy case or any related adversary proceeding.

16. All Documents referencing insurance proceeds, including the Nationwide settlement, that were intended to be deposited into or disbursed from the DIP Account.

17. All Documents evidencing any consideration, benefit, or compensation You received—or expected to receive—from Khawaja, the Debtor, or any third party in connection with Your handling of Cash Collateral.

18. All Documents sufficient to identify every person who had login credentials, tokens, or other means of access to the DIP Account during the Relevant Period.

19. All Documents reflecting any changes to security settings, passwords, user permissions, or two-factor authentication on the DIP Account during the Relevant Period.

20. All calendars, diaries, notebooks, or personal notes that memorialize meetings, calls, or discussions concerning the Transfers or Your involvement with the Debtor's finances.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)