JOHN MACGOWAN
JMACGOWAN@GRSM.COM



ATTORNEYS AT LAW
THREE LOGAN SQUARE
1717 ARCH STREET STE 610
PHILADELPHIA, PA 19103
WWW.GORDONREES.COM

July 14, 2025

**VIA CM/ECF AND EMAIL**

All Counsel of Record

**Re:** *MBMK Property Holdings, LLC v. Wilmington Trust, N.A., et al.*
**Adversary No. 23-00062-djb (Bankr. E.D. Pa.)**
**Main Case No. 22-13121-djb**

Counsel:

Pursuant to Federal Rule of Civil Procedure 45(a)(4), made applicable by Bankruptcy Rule 9016, please accept this notice that the undersigned intends to serve the enclosed subpoena duces tecum and notice of deposition on non-party **Mohsin Khawaja**.

The subpoena commands Mr. Khawaja to appear for oral examination on **Thursday, August 14, 2025, at 10:00 a.m.** at the offices of Gordon Rees Scully Mansukhani LLP, Three Logan Square, 1717 Arch Street, Suite 1610, Philadelphia, Pennsylvania 19103, and to produce the documents described in Exhibit A to the subpoena. The deposition will be recorded stenographically.

Service of the subpoena, together with the required witness fee and mileage, will be effected on or after **July 16, 2025.**

Should you wish to confer regarding scheduling or the scope of the accompanying document requests, please contact me promptly. Otherwise, we will proceed as noticed.

Very truly yours,

John MacGowan
Gordon Rees Scully Mansukhani LLP
Three Logan Square
1717 Arch Street, Suite 1610
Philadelphia, PA 19103
(215) 965-2240 | jmacgowan@grsm.com

**Enclosure: Subpoena to Mohsin Khawaja with Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| MBMK PROPERTY HOLDINGS, LLC, | : | |
| | : | Bankruptcy No.: 22-13121-djb |
| Debtor. | : | |
| | : | |
| | : | |
| MBMK PROPERTY HOLDINGS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Pro. No.: 23-00062-djb |
| v. | : | |
| | : | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Holders of CoreVest American Finance 2018-2 Trust Mortgage Pass-Through Certificates; BAY MANAGEMENT GROUP OF PHILADELPHIA, LLC; JAMES PAUL, d/b/a James Paul of the ALPS Group; and ALPS GROUP, INC. d/b/a James Paul The ALPS Group, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF DEPOSITION OF MOHSIN KHAWAJA

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(1) & 45 and Fed. R. Bankr. P. 7030 & 9016, Defendant Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of CoreVest American Finance 2018-2 Trust Mortgage Pass-Through Certificates ("Wilmington Trust"), by and through Midland Loan Services, a division of PNC Bank, National Association, acting solely in its limited capacity as Special Servicer, will take the deposition upon oral examination of Mohsin Khawaja (who may be served at 7014 Pennsylvania Avenue, Philadelphia, Pennsylvania 19082) at the date, time, and location indicated below:

- **Date**: Thursday, August 14, 2025

-1-

- **Time**: 10:00 a.m. Eastern (subject to the seven-hour limit of Fed. R. Civ. P. 30(d)(1) unless otherwise stipulated or ordered)

- **Location**: Gordon Rees Scully Mansukhani, LLP Three Logan Square, 1717 Arch Street, Suite 610 Philadelphia, Pennsylvania 19103

The deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded stenographically. Any party may arrange, at its own expense, to receive real-time transcription or a copy of the video.

The examination will continue from day to day, excluding weekends and court-recognized holidays, until completed. All parties are invited to attend and cross-examine.

**PLEASE TAKE FURTHER NOTICE** that a subpoena to testify at a deposition in a bankruptcy case (Form B2570) has been issued to Mr. Khawaja and will be served concurrently with this notice pursuant to Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 9016.

Dated: July 14, 2025

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  /s/ Luke D. Wolf
Ari M. Charlip (MI P57285), *pro hac vice*
Luke D. Wolf (MI P81932), *pro hac vice*
37000 Woodward Avenue, Suite 225
Bloomfield Hills, MI 48304
(313) 756-6404 | (313) 406-7373 (fax)
acharlip@grsm.com
lwolf@grsm.com

-and-

John MacGowan (PA #332910)
Three Logan Square
1717 Arch Street, Suite 1610
Philadelphia, PA 19103
Phone: (973) 549-2506
jmacgowan@grsm.com

*Counsel for Secured Creditor Wilmington Trust, N.A., as Trustee for the Benefit of the Holders of CoreVest American Finance 2018-2 Trust Mortgage Pass-Through Certificates, by and*

*through Midland Loan Services, a division of PNC Bank, N.A., acting solely in its limited capacity as Special Servicer*

# UNITED STATES BANKRUPTCY COURT

__Eastern__ District of __Pennsylvania__

In re __MBMK PROPERTY HOLDINGS, LLC__
Debtor

Case No. __22-13121-DJB__

Chapter __11__

*(Complete if issued in an adversary proceeding)*

__MBMK PROPERTY HOLDINGS, LLC__
Plaintiff
v.
__WILMINGTON TRUST, N.A., as Trustee for CoreVest 2018-2 Trust__
__BAY MANAGEMENT GROUP OF PHILADELPHIA, LLC__
__JAMES PAUL d/b/a The ALPS Group; and ALPS GROUP, INC.__
Defendant

Adv. Proc. No. __23-00062-DJB__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Mohsin Khawaja__

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Gordon Rees Scully Mansukhani, LLP Three Logan Square, 1717 Arch Street, Suite 610 Philadelphia, Pennsylvania 19103 | Thursday, August 14, 2025 10 a.m. |

The deposition will be recorded by this method:
**Pursuant to Federal Rule of Civil Procedure 30(b)(3), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7030, the deposition will be recorded by stenographic means.**

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**See Exhibit A.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __July 14, 2025__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ John MacGowan, Esq.*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Defendant__
__WILMINGTON TRUST, N.A., as Trustee for CoreVest 2018-2 Trust__, who issues or requests this subpoena, are: __GORDON REES SCULLY MANSUKHANI LLP__
__Three Logan Square 1717 Arch Street Suite 610, Philadelphia, PA 19103 215-965-2240 jmacgowan@grsm.com__

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

Document Schedule to Subpoena Duces Tecum Directed to Mohsin Khawaja

## I.  DEFINITIONS

For purposes of this Schedule, the following definitions apply and should be construed broadly:

1. **"You," "Your," or "Khawaja"** – Mohsin Khawaja, together with all agents, representatives, accountants, attorneys, consultants, and any other person or entity acting or purporting to act on his behalf.

2. **"Debtor"** – MBMK Property Holdings, LLC.

3. **"Affiliated Entities"** – MBMK Asset Management, LLC; Property Pals, LLC; and any other entity in which Khawaja has held a direct or indirect ownership, management, or profit interest at any time since 1 January 2018.

4. **"Wilmington Trust"** – Wilmington Trust, National Association, in its capacity as Trustee for the Benefit of the Holders of CoreVest American Finance 2018-2 Trust Mortgage Pass-Through Certificates, together with Midland Loan Services and all of their respective agents, servicers, and counsel.

5. **"Custodial Property"** – The thirteen residential properties identified in Exhibit A to the Adversary Complaint (Adv. No. 23-00062-amc), all associated leases, rents, proceeds, escrowed funds, insurance claims, security deposits, and any other property interests or cash collateral derived from or related to those properties.

6. **"Custodial Period"** – 30 November 2020 through 13 June 2023.

7. **"Receiver"** – James Paul and ALPS Group, Inc., whether acting individually, jointly, or doing business as "James Paul of the ALPS Group," together with their officers,

employees, and agents.

8.  **"Communication"** – Every manner or means of transmitting or receiving information, including correspondence, email, text/SMS, messaging-app content, social-media messages, chats, voicemails, and memoranda, whether written, printed, recorded, or stored electronically.

9.  **"Document"** / "ESI" (Electronically Stored Information) – As defined in Fed. R. Civ. P. 34(a), including all drafts, non-identical copies, metadata, and attachments/enclosures.

10. **"Relevant Period"** – 1 January 2018 to the date of production, unless a different period is expressly stated in a request.

## II. INSTRUCTIONS

1.  Produce all responsive Documents and ESI within Your possession, custody, or control, including items stored on personal devices, cloud services, external drives, or third-party platforms.

2.  Produce ESI in native format with full metadata; produce hard-copy Documents as searchable, multipage PDFs.

3.  If any Document is withheld under a claim of privilege, furnish a privilege log that satisfies Fed. R. Civ. P. 26(b)(5).

4.  If no responsive Documents exist for a particular request, so state in writing and identify any persons believed to have knowledge of the subject matter.

5.  These requests are continuing. Promptly supplement Your production if additional responsive material becomes known or available.

## III. REQUESTS FOR PRODUCTION

1.  All formation documents, certificates of organization, operating agreements,

amendments, member consents, resolutions, minute books, and equity-transfer records for the Debtor and all Affiliated Entities.

2. Documents showing Khawaja's appointments, offices held, decision-making powers, or signatory authority for bank, escrow, or property-management accounts of the Debtor or Affiliated Entities.

3. All Communications between You and Wilmington Trust (including Midland), Horizon Abstract, Bay Management Group, the Receiver, or their counsel regarding: the CoreVest/Wilmington Trust loan, alleged defaults, foreclosure actions, receivership, cash-collateral usage, payoff demands, or settlement negotiations.

4. Monthly loan statements, payoff statements, wire receipts, ACH confirmations, cancelled checks, or other proof of payments or tenders on the loan.

5. Complete bank statements (including Axos DIP and rent-collection accounts) for the Debtor and Affiliated Entities from 1 January 2019 to present.

6. Rent rolls, tenant ledgers, lease files, security-deposit registers, delinquency reports, and all tenant correspondence for each property during the Relevant Period.

7. Work orders, maintenance logs, invoices, bids, inspection reports, code-violation notices, insurance claims (including Nationwide water-damage claim), photographs, and videos documenting property condition or repairs.

8. Real-estate tax bills, utility bills, license applications/renewals, citations, and payment proofs related to each property during the Relevant Period.

9. Budgets, cash-flow projections, QuickBooks or other general-ledger files, annual financial statements, balance sheets, and P&L reports for the Debtor and Affiliated Entities (tax years 2018-2024).

10. All property valuations or condition assessments (including those by Ettore Petrone or Alliance Adjustment Group) and related Communications.

11. Broker engagement letters, listings, offers, purchase agreements, settlement or closing statements, and reconciliations for the 31 August 2023 portfolio sale or any other attempted sale or refinance.

12. Complete Axos DIP account statements.

13. Communications, internal notes, or reports concerning the March 2024 withdrawals attributed to Shiraz Abdulhussein Jaffer and any efforts to recover or explain those transfers.

14. All reports, invoices, budgets, accountings, and correspondence received from Bay Management Group, James Paul, or ALPS regarding the Custodial Property.

15. Documents concerning Breen v. Khawaja (Adv. No. 21-00050-mdc) and the 7 June 2022 Breen-Khawaja settlement, including drafts, correspondence, and closing documentation.

16. Communications with tenants, neighborhood groups, or officials relating to squatters, safety, or property conditions during the Custodial Period.

17. Policies, renewals, claims, proofs of loss, settlements, and checks pertaining to insurance on any of the Debtor Properties (2020-present).

18. Ledgers or spreadsheets tracking rent collections, management fees, repairs, capital expenditures, escrow payments, or any rent applied to loan obligations or property expenses.

19. Any internal or external analysis supporting allegations of unaccounted-for rents, decline in property value, or repair cost estimates pleaded in the Adversary Complaint.

20. Documents reflecting Wilmington Trust's calculations or Your analyses of default interest, late charges, special-servicing fees, or prepayment premiums.

21. All text messages, WhatsApp/Signal chats, or social-media messages discussing

property operations, Wilmington Trust, BMG, the Receiver, tenants, property conditions, repairs, or gambling activity (July 2019 – present).

22. Any power of attorney, corporate resolution, or agreement authorizing third-party access to bank accounts or property operations (including BMG, ALPS, Horizon, or Shiraz Jaffer).

23. Bank statements and ledgers for Horizon Abstract escrow or any subsequent DIP or trust accounts holding sale proceeds or insurance proceeds (post-31 August 2023).

24. Federal, state, and local income-tax returns (with complete schedules and K-1s) for Khawaja and each Affiliated Entity for tax years 2018-2024.

25. Litigation-hold notices, document-retention directives, or other evidence of steps taken to preserve Documents relevant to the Wilmington Trust loan, property operations, or this Adversary Proceeding.

26. Receipts, credit-card statements, or other support for any expense reimbursements, "protective advances," or deductions from rent or loan proceeds (2020-present).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)